UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>        Plaintiff,<br><br>    v.<br><br>JING LI, et al.,<br><br>        Defendants. | Case No. 19-cv-02534-JSW   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 43, 47, 53, 54 |

The Court had a hearing on March 19, 2021 concerning the discovery disputes outlined in the parties' letter briefs at ECF Nos. 43, 47, 53 and 54. The reasons for the Court's order are stated on the transcript. This order is intended to memorialize the Court's rulings.

RFP 15 (Chen, Li). Chen reports that he now has his former attorney's case files. The Court orders him to produce non-privileged documents responsive to this RFP by April 1, 2021.

RFPs 26-28 (Chen) and RFPs 25-27 (Li). Plaintiff has produced evidence that during the course of the Standard Fiber lawsuits, Chen contended that he did not have an ownership interest in Teetex and that Li did, positions that are contrary to what they assert in this case. This renders the deposition transcripts, affidavits, declarations and discovery responses in those lawsuits relevant and discoverable. The Court does not think that relevance is limited to just the declarations concerning ownership interests; rather, Plaintiff is entitled to see factual evidence developed in those cases to see the larger picture. The Court does not believe it will be burdensome to produce these materials. Now that Chen has his former attorney's case files, the Court orders him to produce non-privileged documents responsive to these RFPs by April 1.

RFPs 30-31 (Li) and 31-32 (Chen). The Court orders Defendants to produce an export of the responsive accounting records from Teetex's accounting software by March 31, 2021. If

Plaintiff's counsel encounters difficulty in accessing that data, he shall meet and confer with Defendants' counsel, and if they cannot resolve the dispute, they shall promptly file a joint discovery letter brief.

RFPs 34 (Li) and 35 (Chen). The Court orders Chen to produce the requested bank statements by April 1.

RFPs 37-38 (Li) and 38-39 (Chen). During the hearing the parties agreed that Plaintiff is entitled to responsive documents through at least June 30, 2018, and the Court orders Defendants to produce those by April 1. This order is without prejudice to Plaintiff renewing his request for these documents through the end of 2019.

Privilege log. Defendants' privilege log does not comply with Federal Rule of Civil Procedure 26(b)(5)(A)(ii). The Courts orders Defendants to serve an amended privilege log within 30 days.

Scrambled documents. The Court orders Plaintiff to file within seven days a few examples of the lengthy .pdf files he asserts are improper. He should tell Defendants by email the Bates ranges he plans to file and ask them if they request him to file the documents under seal, and by email they should answer him clearly. As a reminder, if Defendants insist that the documents be filed under seal, Defendants will have to file a declaration within four days substantiating the sealing request. *See* Civ. L.R. 79-5(e)(1).

Confidentiality designations. The Courts orders the parties to meet and confer and within seven days to file a [proposed] stipulated protective order based on the District's model. The Court orders Defendants to re-designate their document productions as appropriate within 30 days after the entry of a protective order.

**IT IS SO ORDERED.**

Dated: March 19, 2021

THOMAS S. HIXSON
United States Magistrate Judge