1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    JIAJIE ZHU,                              Case No.  19-cv-02534-JSW   (TSH)

8                    Plaintiff,

9            v.                               **DISCOVERY ORDER**

10   JING LI, et al.,                         Re: Dkt. Nos. 53, 54, 58

11                   Defendants.

12

13          The parties have a discovery dispute over the format of Defendants' document production.

14   Plaintiff argues that "what has been produced has been produced without any sense or

15   organization, and not in any searchable format."  ECF No. 53 at 7.  "[W]hat has been produced,

16   for the vast majority of produced documents, are largely illegible hundred-page .pdfs for which no

17   OCR was done and for which the documents are in such poor shape that despite plaintiff's efforts

18   to perform optical character recognition pages, has been unsuccessful.  [¶]  Moreover, the

19   documents do not appear to be in any organizational format.  Personal expense reimbursement

20   requests from Mr. Chen are interspersed with packing slips or bills of lading.  Multiple

21   transactions are lumped together as though they were part of one document, when they have no

22   logical relationship and either are many separate documents or have been shuffled."  *Id*. at 7-8.

23          Defendants respond that "Defendants' counsel processed hard copies of documents—in the

24   way that they were kept in the ordinary course of business—through an ediscovery vendor, which

25   scanned and OCR'd them to the best of its ability.  Defendants' counsel then produced to

26   Plaintiff's counsel each of the files the e-discovery vendor created from the hard copies."  ECF

27   No. 54 at 5.  "Moreover, Plaintiff has cited to no authority that requires Defendants to do any more

28   than they have done already:  produce all non-privileged documents as they were kept in the

United States District Court
Northern District of California

1   ordinary course of business."

2          To see who was telling the truth, the Court ordered Plaintiff to file a few examples of the

3   lengthy .pdf files he asserts are improper.  ECF No. 57.  Plaintiff has done so, ECF No. 58, and the

4   Court has had the opportunity to review those examples.

5          The document production is as Plaintiff describes.  Federal Rule of Civil Procedure

6   34(b)(2)(E)(i) states that unless otherwise stipulated or ordered by the court, "[a] party must

7   produce documents as they are kept in the usual course of business or must organize and label

8   them to correspond to the categories in the request."  There has been no stipulation or order

9   otherwise, and Defendants certainly did not organize and label their documents to correspond to

10  the categories in the request.  Therefore, they were obligated to produce them as they are kept in

11  the usual course of business.

12         However, Defendants did not do that either.  Nobody keeps their hard copy documents in

13  one enormous pile, with no staples or paper clips, folders, drawers, boxes, or any organizational

14  structure.  The Court orders Defendants to recollect their documents and produce them in

15  compliance with Rule 34.  This means, at a minimum, that each document must be separately

16  unitized (i.e., it must be clear where each document begins and ends and what is an attachment to

17  what) and whatever organizational structure the documents are stored in (such as folders) must be

18  replicated in the production.  The Court orders Defendants to do this within 30 days.[1]

19         **IT IS SO ORDERED.**

20

21  Dated: April 9, 2021

22

23  THOMAS S. HIXSON
    United States Magistrate Judge

24

25

26

---

27  [1] Based on ECF No. 67 and the discussion at the hearing, it appears that the OCR problem has largely been solved.  To the extent that the searchability of the documents remains less than perfect, that's obviously because of the low quality of the hard copy documents themselves and is not Defendants' fault.

28

United States District Court
Northern District of California