UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br>　　　　Plaintiff,<br>　　v.<br>JING LI, et al.,<br>　　　　Defendants. | Case No. 19-cv-02534-JSW   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 79, 80 |

　　　　Plaintiff Jiajie Zhu seeks to depose Yi Yao, one of Defendants' counsel of record. In this lawsuit, Plaintiff alleges that he was a majority member of a California LLC called Teetex. He was not, however, actively involved in the management of the company. Rather, Defendant Jing Li was the managing member, and her husband, Defendant Dong Chen, was its CEO. When Plaintiff graduated from business school and attempted to become a manager, a dispute arose with Li and Chen, who did not want to give up control. To resolve the dispute, the parties entered into a purchase and sale agreement ("PSA") based on a multiple of Teetex's reported profits. Several years later Plaintiff learned that Teetex's profits were actually much higher than as represented, and he filed this lawsuit, claiming he had been defrauded into selling the company for too little.

　　　　Defendants have taken the position that Zhu and Li (the parties to the PSA) were not, in fact, the real members of Teetex, and that the real members were Dong Chen, Alvin Li (Zhu's father in law), and Joanne Hu. Based on this, Defendants argue that Zhu has no standing. ECF No. 17. Judge White rejected this argument in ruling on Defendants' motion to dismiss, ECF No. 28, but they renewed this defense in their answer. ECF No. 29. Zhu now seeks to depose Yao concerning who the true members of Teetex were.

　　　　Aside from his current role as one of Defendants' counsel of record in this lawsuit, Yao

negotiated and drafted the PSA, guarantees and related documents as counsel for Jing Li and Chen, opposite Christopher Lee, who was counsel for Plaintiff.

The leading case concerning taking the deposition of an opposing counsel appears to be *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). In that case, the Eighth Circuit observed that "[i]n recent years, the boundaries of discovery have steadily expanded, and it appears that the practice of taking the deposition of opposing counsel has become an increasingly popular vehicle of discovery." *Id*. at 1327. "To be sure, the Federal Rules of Civil Procedure do not specifically prohibit the taking of opposing counsel's deposition." *Id*. "We view the increasing practice of taking opposing counsel's deposition as a negative development in the area of litigation, and one that should be employed only in limited circumstances." *Id*.

"Undoubtedly, counsel's task in preparing for trial would be much easier if he could dispense with interrogatories, document requests, and depositions of lay persons, and simply depose opposing counsel in an attempt to identify the information that opposing counsel has decided is relevant and important to his legal theories and strategy." *Id*. "The practice of forcing trial counsel to testify as a witness, however, has long been discouraged, and recognized as disrupting the adversarial nature of our judicial system." *Id*. (citation omitted). "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony." *Id*. "Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." *Id*.

"We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition." *Id*. "But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to

depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id*. (citation omitted).

"Although the Ninth Circuit has not set forth a standard for analyzing whether to permit the deposition of counsel in a pending litigation, district courts within the Ninth Circuit have routinely utilized the three-part test set forth in the Eight Circuit's decision in" *Shelton*. *Torrey Pines Logic, Inc. v. Gunwerks, LLC*, 2020 U.S. Dist. LEXIS 201948, *4 (S.D. Cal. Oct. 29, 2020). "But district courts have clarified that the *Shelton* analysis applies only where the discovery sought concerns matters relating to counsel's representation of a litigant in the current litigation. It does not apply to discovery of facts known to counsel as a percipient witness relating to matters that preceded the litigation." *Id*. (simplified). And, indeed, the Eighth Circuit has adopted that limitation as well. *See Pamida, Inc. v. E.S. Originals, Inc*., 281 F.3d 726, 730 (8th Cir. 2002) ("*Shelton* was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial.").

But this limitation itself has a limitation: "*Pamida* permits deposing an opposing counsel if a party 'seeks relevant information *uniquely known* by [the] attorneys about prior terminated litigation, the substance of which is central to the pending case.'" *Smith-Bunge v. Wis. Cent., Ltd*., 946 F.3d 420, 423 (8th Cir. 2019) (quoting *Pamida*, 281 F.3d at 731) (emphasis added); *see also id*. ("Neither piece of information is peculiarly within counsel's knowledge . . . . *Pamida* does not apply here. [¶] Instead, *Shelton* applies."); *see also Golden v. Stein*, 2020 WL 1487306, *8 (S.D. Iowa Mar. 4, 2020) ("*Pamida* does not apply unless the information sought is peculiarly within counsel's knowledge . . .").

Plaintiff is clear in his letter brief and was even clearer during oral argument that the sole piece of information he wants to depose Yao about is who the true owners of Teetex were. However, Plaintiff has made no showing that Yao has peculiar or unique knowledge about that issue. Specifically, Plaintiff has not shown why Jing Li, Dong Chen and Alvin Li lack this information. Plaintiff has not shown that Yao's knowledge on that subject is anything other than derivative of what his clients (Jing Li and Chen) told him. Accordingly, Plaintiff has not satisfied

*Pamida*'s requirement that he seek information that is uniquely known by opposing counsel. On the current record, this motion to compel must therefore be denied.

Even though fact discovery closes in two weeks, at the hearing the Court learned to its great surprise that Plaintiff has not yet deposed either Defendant. Thus, depending on what those witnesses say, it might be possible for Plaintiff to develop a factual record concerning knowledge uniquely known by Yao that he has not yet developed. The Court therefore denies this motion to compel without prejudice. The Court reminds the parties that any further motions to compel are due seven days after the close of fact discovery. Civil Local Rule 37-3.

**IT IS SO ORDERED.**

Dated: September 1, 2021

THOMAS S. HIXSON
United States Magistrate Judge

4