BRIAN IRION, ESQ. (SBN #119865)
LAW OFFICES OF BRIAN IRION
611 Veterans Blvd., Suite 209
Redwood City, California  94063
Tel: 650.363.2600
Fax: 650.363.2606
birion@thedesq.com

Attorneys for Plaintiff Jiajie Zhu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JIAJIE ZHU, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>JING LI, an individual; and DONG CHEN, an individual,<br><br>    Defendants | Case No. 4:19-cv-02534 JSW (TSH)<br>Related Case no. 4:20-cv-07092 JSW<br><br>PLAINTIFF'S MOTION IN LIMINE 1 TO EXCLUDE EVIDENCE OF ALTERNATIVE OWNERSHIP IN TEETEX LLC<br><br>Pretrial Conference: February 14, 2022, 2:00 p.m.<br>Before: Hon. Jeffrey S. White |

**SUMMARY OF MOTION**

Plaintiff Jiajie Zhu moves in limine to exclude all evidence, whether by documents offered for introduction or testimony, that the members of Teetex LLC ("Teetex") were other than Jiajie Zhu, Xin Guan and Jing Li.  Plaintiff moves to exclude this evidence on multiple grounds, including the parol evidence rule, estoppel by contract, judicial estoppel, and that the proffered evidence will unnecessarily confuse, mislead and delay (Fed. R. Evid. 403) and in the interest of economy of judicial and juror time and resources.

**PROCEDURAL BACKGROUND**

Defendants have argued multiple times that the members of Teetex LLC were not the stated members, Jiajie Zhu, Jing Li and Xin Guan, but were really Alvin Li (aka Anwen Li) – Mr. Zhu's father in law, Dong Chen (Jing Li's husband) and Joanne Hu (Xin Guan's wife).  Defendants raised

this argument in their motion to dismiss for lack of standing (Docket 17) and in their motion for judgment on the pleadings for plaintiff's alleged failure to join indispensable party (Docket 90). It is expected that this will be a mainstay of defendants' argument at trial as well.

The basic issues in this case are not exceedingly complex: (1) did one or both defendants mislead plaintiff regarding the profitability and hence value of Teetex in connection with the sale of his interest in Teetex?; (2) did defendants falsely increase expenses of Teetex in order to deflate its value and profitability in connection with calculating Teetex' profits for the first ½ of 2016?; (3) did defendants pay plaintiff his share of the profits of Teetex for the first ½ of 2016?; and (4) did defendants wrongfully deny plaintiff access to the books and records of Teetex?

Plaintiff will show the answer to each of these questions is "yes". Part of that evidence will include introducing Teetex' 2015 US tax returns showing Teetex' profits to be $204,000 and comparing them to an email from Dong Chen to Alvin Li months before this conflict started in which he claimed that Teetex' real profits were $750,000 in 2015.

It is expected that defendants will attempt to paint Alvin Li as the real member of Teetex in order to show that they did disclose the real profits of Teetex in connection with the sale. It is expected that defendants will attempt to introduce documents, including emails and a parallel "Internal Agreement" that was not signed by any of the members of Teetex. But Alvin Li was not the 70% member of Teetex. He did not sell any interest in Teetex to Jing Li because he was not the member, Jiajie Zhu was. That is what is stated in the Operating Agreement, in US Tax returns, in the Purchase and Sale Agreement attached as Exhibit 1 to the First Amended Complaint (which is an integrated agreement). Jiajie Zhu was the person who paid taxes on Teetex' reported profits, and to whom payments were made under the PSA.

All of this was argued in Dockets 17 and 90, and for all of the reasons stated in those documents, no evidence should be permitted that contradicts what is in the Operating Agreement and PSA. Such "evidence" would violate the parol evidence rule, the doctrine of estoppel by contract, the doctrine of judicial estoppel, and unnecessarily confuse and delay.

//

**ARGUMENT**

**The Parol Evidence Rule**

The Parol Evidence Rule, found at Cal. Civ. Code § 1856, is also a rule of substantive law, not an evidentiary rule and in diversity cases, federal courts apply the law of the State. California's parol evidence rule provides that "[t]erms set forth in a writing by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Cal. Civ. Code § 1856; Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC, No. 07-CV-912 2007 U.S.Dist.LEXIS 77132, at *15.) (S.D.Cal. Oct. 16, 2007).

Similar to the Statute of Frauds, the Parol Evidence Rule prohibits any parol (oral) evidence contradictory to the terms of a written agreement. Cal. Civ. Code §§ 1625, 1856. The evidentiary consequences of the statute of frauds and the parol evidence rule are similar but under the statute of frauds the writing must contain the terms and conditions of all the promises constituting the contract, and recovery may not be predicated on parol proof of material terms omitted from the written memorandum, while the parol evidence rule does not exert any compulsion upon the parties to put their entire understanding in writing. *But once in writing, there cannot be parol evidence of an agreement at odds with the written one*. Casa Herrera, Inc. v. Beydoun (2004) 32 Cal. 4th 336, 345. The parol evidence rule protects the integrity of written contracts by making their terms the exclusive evidence of the parties' agreement. Thrifty Payless, Inc. v. The Americana at Brand, LLC (2013) 218 Cal. App. 4th 1230, 1240.

The Operating Agreement and the PSA, including the exhibits which include the guarantees signed by Chen and Li, are integrated agreements, one regarding the membership of Teetex and the other regarding the Sale of Mr. Zhu's interest in Teetex. No parol evidence may be introduced, nor is it admissible, to prove that Zhu was not in fact what the PSA states he was: the beneficial and record owner of 70% of Teetex.

**Estoppel By Contract**

Jing Li, Dong Chen and Jiajie Zhu all signed a transfer of interest agreement ("PSA") and defendants Chen and Li affirmed in the recitals that Zhu was the beneficial and record owner of 70%

of Teetex (See Docket 17-1 at page 25/45).  It is well established that recitals in a contract are conclusive as between the parties to the contract.  This is known as the doctrine of "estoppel by contract".  See Palermo v. Pyke 111 Cal.App.2d 350, 355 (1952) (The recitals in the instrument are conclusively presumed to be true as between the parties thereto or their successors in interest by a subsequent title); City of Santa Cruz v. Pac. Gas & Elec. Co. (2000) 82 Cal.App.4th 1167, 1176 ("the doctrine of "estoppel by contract," is based on the principle that parties who have expressed their mutual assent are bound by the contents of the instrument they have signed, and may not thereafter claim that its provisions do not express their intentions or understanding.)

**Judicial Estoppel**

The doctrine of Judicial Estoppel provides that a party may not take one position in one case and an entirely different and contradicting position in another case. Hamilton v. State Farm Fire & Cas. Co. 270 F.3d 778, 782 (9th Cir. 2001).

Dong Chen was sued in San Mateo Superior Court by Standard Fiber, his previous employer, for trade secret theft.  He asserted the right to arbitration in his employment agreement and in that arbitration, he declared unequivocally that he was not a member of Teetex, and Jing Li declared that she was a member of Teetex.  See Related Case (4:20-cv-07092 JSW) at Related Case Docket 34, in which Dong Chen declares: "*The members of Teetex are Jiajie Zhu, Jing Li and Xin Guan.*"

Defendants have made many statements under penalty of perjury attesting that Jing Li is the member and manager of Teetex, that Mr. Zhu is a member of Teetex, and that Mr. Chen is not a member of Teetex in government filings with the Secretary of State's office, in US Tax returns, and before courts and arbitration panels.  They are prohibited by judicial estoppel principles to deny it now.

**Fed. R. Evid.  403**

Rule 403 of the Federal Rules of Evidence ("FRE") provides that a court may exclude even relevant evidence if its benefit is substantially outweighed by a "danger of" unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In this case it is entirely likely that a jury will not fully grasp the nuances of the parol evidence rule, or judicial estoppel or estoppel by contract doctrines which prohibit the introduction of exactly the type of evidence defendants wish to introduce; these doctrines of exclusion exist for the very reason that unless checked ahead of time, parties will seek to use such evidence for the very purpose of confusion and even if excluded mid-sentence, may result in a bell that cannot be un-rung.

Similarly, the time it will take to introduce and then debunk this alternate reality of defendants will make this case far more complex and time consuming than it is or needs to be.

Moreover, unless excluded from the outset, plaintiff will be required to interrupt and object to testimony as Jing Li or Dong Chen are in the process of testifying, a process that even if the many objections are sustained, will likely reflect poorly in jurors' minds. What attorney or party wishes to be known to jurors as one who continuously disrupts the other side from "telling their story" even when the "story" is a fantasy?

**CONCLUSION**

For the foregoing reasons, plaintiff seeks a pretrial order excluding defendants from introducing or attempting to introduce evidence that the members of Teetex were other than as stated in the Operating Agreement and PSA.

Dated: January 31, 2022                Law Offices of Brian Irion

                                       By:/s/ Brian Irion
                                       Attorneys for plaintiff Jiajie Zhu