UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JING LI, et al.,<br><br>　　　　　　Defendants. | Case No.  19-cv-02534-JSW<br><br>**ORDER GRANTING MOTION IN LIMINE, CONTINUING PRETRIAL AND TRIAL DATES, AND REQUIRING FURTHER SETTLEMENT CONFERENCE**<br><br>Re: Dkt. No. 103 |

Now before the Court for consideration is the first motion *in limine* filed by Plaintiff Jiajie Zhu ("Plaintiff" or "Zhu").  Plaintiff moves to exclude all evidence, including documents and testimony, that the members of Teetex LLC ("Teetex") were individuals other than Plaintiff Zhu, Defendant Jing Li ("Li"), and Xin Guan ("Guan").  (Dkt. No. 103.)  The Court has considered the parties' papers, relevant legal authority, and the record in the case.  For the reasons set forth in this order, the Court GRANTS Plaintiff's motion.

**A.　　Background.**

Plaintiff Zhu alleges that he was a member of Teetex.  He asserts that Li, the other member of Teetex, and her husband, Dong Chen ("Chen"), misrepresented the profitability of Teetex to Zhu, which caused him to sell his interest in Teetex to Li for less than it was worth.  Throughout this litigation, Defendants have asserted that Zhu, Li, and Guan were nominal members of Teetex and that the "true" members of Teetex were other individuals.  Plaintiff now moves to exclude any evidence or testimony that the members of Teetex were individuals other than Plaintiff Zhu, Defendant Li, and Guan.  Plaintiff moves to exclude this evidence on several bases, including that the evidence is barred by the parol evidence rule, estoppel by contract, Federal Rule of Evidence 403, and judicial estoppel.

**B.     The Court Grants Plaintiff's Motion *in Limine*.**

The Court previously found that the alleged dispute and the causes of action in the FAC arise from or concern events leading up to the execution of the Sale Agreement, which states that Zhu was a "70% Member of Teetex" and "the beneficial and record owner of 70% membership interest" in Teetex and which Li and Zhu signed. (Dkt. No. 28, ("MTD Order"), at 7.) Additionally, the Operating Agreement, which Li, Zhu, and Guan signed, identifies those three individuals as the members of Teetex. (*Id*.) Accordingly, the Court found that the doctrine of estoppel by contract barred Defendants from arguing that Sale Agreement was incorrect. (*Id*.) The Court further explained that extrinsic evidence introduced to alter the terms of either the Sale Agreement or the Operating Agreement ran afoul of the parol evidence rule. (*Id*. at 8-9.) Plaintiff argues that any evidence of the purported nominal membership structure of Teetex should be excluded from trial for the same reasons. The Court agrees.

The parol evidence rule, which is codified in California Civil Code section 1625, "generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter[,] or add to the terms of an integrated written instrument." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (2004) (quotation and citation omitted). Application of the parol evidence rule involves a two-part analysis: (1) determining whether the writing was intended to be an integration, *i.e.*, was it a complete and final expression of the parties' agreement; and (2) determining whether the agreement is susceptible to the meaning proffered by the party offering the parol evidence. *In re Lund*, No. CV 06-8127-GAF, 2008 WL 11438216, at *2 (C.D. Cal. Sept. 3, 2008).

Here, the Court has already determined that both the Operating Agreement and the Sale Agreement are integrated. (*See* MTD Order at 9.) Defendants seek to offer evidence that the members of Teetex were individuals other than those identified in the Operating Agreement and the Sale Agreement. However, the Operating Agreement and Sale Agreement clearly identify the members of Teetex. Accordingly, neither the Operating Agreement nor the Sale Agreement are reasonably susceptible to the prove the meaning asserted by Defendants.

Defendants argue that they should be permitted to proffer evidence of Teetex's purported

United States District Court
Northern District of California

nominal membership structure under the fraud exception to the parol evidence rule. Under the fraud exception to the parol evidence rule, extrinsic evidence is admissible if it shows a party was fraudulently induced to enter a written agreement. *See* Cal. Code of Civ. Proc. § 1856(g). That is the opposite of what Defendants seek to do here. They assert that the extrinsic evidence should be admissible to show that the Sale Agreement was "not induced by fraud." (Opp. at 3.) Defendants do not argue that they were fraudulently induced to enter into either agreement. The fraud exception does not apply here. Thus, the parol evidence rule prohibits the introduction of evidence that members of Teetex were individuals other than Zhu, Li, and Guan.

With regard to the doctrine of estoppel by contract, Defendants do not present a meaningful argument why the Court's previous conclusion does not apply here. Rather, Defendants assert that the real issue is not Plaintiff's membership status, but whether Plaintiff knew, or had reason to know, the value of Teetex such that he could not have reasonably relied upon Defendants' alleged misrepresentations. This argument misses the point. Plaintiff is not attempting to exclude all evidence of his purported knowledge of the "actual" value of Teetex, and this Order does not preclude Defendants from offering such evidence. However, to the extent Defendants intended to rely on evidence of the purported alternate membership structure of Teetex to advance this theory, they may not do so and must rely on other evidence to support this theory.

Finally, Defendants briefly assert that the parol evidence rule and estoppel by contract do not apply to Defendant Chen because he was not a party to the agreement. However, Chen signed the Personal Guarantee, which is attached as an Exhibit to the Sale Agreement and is a part of that Agreement. (*See* Dkt. No. 6, Sale Agreement at 9; Ex. A.)

For these reasons, the Court GRANTS Plaintiff's first motion *in limine*. The Court finds that evidence that the members of Teetex were individuals other than Plaintiff Zhu, Defendant Zi, and Xin Guan is barred by the doctrine of estoppel by contract and the parol evidence rule. Because the Court finds that the parol evidence rule and estoppel by contract bar this evidence, it does not reach Plaintiff's other arguments for exclusion.

In several places in their pretrial filings, the parties noted that their respective positions on certain issues might change based on the Court's ruling on the motion *in limine*. After reviewing

the parties' pretrial submissions, the Court believes that this ruling should assist the parties in clarifying the scope of the issues to be tried and in resolving certain disputes raised in the pretrial filings. As a result, the Court HEREBY ORDERS the parties to resubmit their pretrial filings in light of this Court's ruling on Plaintiff's motion *in limine*. To ensure the parties have adequate time to meet and confer and prepare their revised pretrial submissions, the Court HEREBY CONTINUES the dates for the pretrial conference and trial as follows:

- Pretrial Conference: May 9, 2022, at 2:00 p.m.
- Jury Selection: June 8, 2022, at 8:00 a.m.
- Trial: June 13, 2022, at 8:00 a.m.

The parties revised pretrial filings should be filed with the Court fourteen days in advance of the pretrial conference.

**C.      Other Deficiencies in the Parties' Pretrial Filings.**

Additionally, the Court identified several instances in which the parties' pretrial filings failed to comply with the Court's Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases. The parties shall carefully review and comply with all instructions set forth in the Court's Guidelines.

Specifically, the Court has identified the following issues that must be corrected in the parties' revised pretrial submissions:

- The joint proposed pretrial order does not address which issues, if any, are for the Court to decide, and Plaintiff also indicates in his trial brief that he may no longer wish to proceed with a jury trial.
- The parties' proposed jury instructions are unnumbered, and the parties did not submit complete briefing on disputed jury instructions as required by the Court's Guidelines. *See* Guidelines, ¶ 2(b) (requiring a separate memorandum of law in support of disputed instructions).
- Separate requests for voir dire questions should be kept to a minimum and made for good cause only.
- The parties have not submitted deposition designations or excerpts of responses to

interrogatories and requests for admission to which there are objections.  If there are any such objections, the parties must submit those to the Court in accordance with paragraph 2(f)-(g) of the Guidelines.

This list is not exclusive, and the parties should review the Court's Guidelines carefully to ensure that their revised submissions comply with the Court's required procedures.  Failure to comply with the Court's Guidelines may result in sanctions.

Finally, prior to the pretrial conference scheduled for May 9, 2022, the Court ORDERS the parties to attend a further settlement conference before Magistrate Judge Illman.  The parties are directed to contact Judge Illman's courtroom deputy to schedule a further settlement conference. The parties shall be prepared to discuss settlement prospects at the pretrial conference.

**IT IS SO ORDERED.**

Dated: February 8, 2022

_____
JEFFREY S. WHITE
United States District Judge