UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>    Plaintiff,<br><br>v.<br><br>JING LI, et al.,<br><br>    Defendants. | Case No. 19-cv-02534-JSW<br><br>**ORDER REQUIRING FURTHER RESPONSE FROM PARTIES AND CONTINUING PRETRIAL CONFERENCE TO OCTOBER 3, 2022** |

This matter is scheduled for a pretrial conference on September 26, 2022. The Court has reviewed the parties' pretrial filings and HEREBY CONTINUES the pretrial conference to October 3, 2022, at 2:00 p.m. The pretrial conference will proceed via Zoom webinar.

On February 8, 2022, the Court granted Plaintiffs' motion in limine and ordered the parties to resubmit their pretrial filings in light of the Court's ruling on that motion, which the Court expected would assist the parties in clarifying the scope of the issues to be tried. The Court also ordered the parties to remedy several defects in their revised pretrial filings and to attend a further settlement conference before Judge Illman.

The Court has now received and reviewed the parties' revised pretrial filings. Even with the benefit of several months of additional preparation, the parties' pretrial filings reflect a lack of clarity as to the scope and contours of trial. For this reason, the Court requires the parties to submit supplemental briefing on the following issues in advance of the pretrial conference:

**1.  Contours of Trial.**

    a.    In his trial brief, Plaintiff states that he withdraws his demand for a jury trial. What is Defendants' position on this?

    b.    If Defendants do not consent to a withdrawal of the demand for a jury trial,

Plaintiff has identified several claims—breach of fiduciary duty, conspiracy, accounting, and unclean hands—that he believes are issues for the Court to decide rather than the jury. The Court requires additional briefing from the parties outlining their position and providing authority on the question of whether each of these claims are issues for the Court or the jury. The parties should address how much of the evidence on these claims overlaps with the evidence on the claims that would be for the jury to decide.

2. **Disputed Jury Instructions.**

   a.  The parties dispute jury instructions No. 11 (concealment), No. 17 (constructive fraud), and No. 26 (affirmative defense-in pari delicto) on the basis that those claims and defenses were not expressly alleged. This dispute impacts the claims and defenses that will be at issue at trial. The Court requires supplemental briefing on the issue of why the parties should be permitted to pursue claims and defenses not previously raised or prepared by the parties.

3. **Remote Witnesses.**

   a.  Defendants represent that at least one witness will testify remotely from China during trial. The Court is concerned about potential complications related to having a witness testify remotely from China. The Court requires the parties to provide briefing on the issue of the Court's authority to have a witness testify remotely from a foreign country specifically China.

For each issue identified above, the Court HEREBY ORDERS the parties to file a brief outlining their position, not to exceed seven (7) pages by no later than **September 29, 2022 at 4 p.m**. That is, the Court should receive six additional briefs in total, one brief from each party on each of the three issues identified above.

In addition to the issues identified above, the parties should be prepared to discuss settlement prospects at the pretrial conference.

Jury selection remains scheduled for October 19, 2022 at 8:00 a.m. and trial remains set for October 24, 2022 at 8:00 a.m. However, the Court reserves the right to continue those dates based

2

on the adequacy of the parties' submissions regarding the issues raised in this Order.

**IT IS SO ORDERED.**

Dated: September 23, 2022

_____
JEFFREY S. WHITE
United States District Judge