UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIAJIE ZHU,

    Plaintiff,

v.

JING LI, et al.,

    Defendants.

Case No. 19-cv-02534-JSW

**ORDER REGARDING PRETRIAL CONFERENCE**

On October 3, 2022, the parties appeared before the Court for a pretrial conference. This order addresses certain issues raised at the parties' pretrial conference. The Court HEREBY ORDERS as follows:

**A.    Accounting Claim**

The issue before the Court is whether Plaintiff's claim for an accounting sounds in law and warrants a jury trial. Plaintiff argues it is an equitable claim for which there is no right to a jury trial. Defendants disagree. The Seventh Amendment right to a jury trial applies in "suits at common law." U.S. Const. amend. VII. "Suits at common law" include statutory claims that are legal as opposed to equitable. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998). To determine whether the Seventh Amendment provides a right to jury trial, the court examines the nature of the action and the remedy sought. The second inquiry is the most important. Although traditionally an example of equitable relief, "an accounting…operates as a chameleon, assuming the nature of the action giving rise to it, rather than having a static character of its own." *Siegel v. Warner Bros. Ent. Inc.*, 581 F. Supp. 2d 1067, 1071 (C.D. Cal. 2008). Thus, the court needs to look beyond the pleading to see nature of relief sought.

Plaintiff seeks an accounting to determine the "true" profits and losses of Teetex. Plaintiff

believes that the accounting will show inaccurate tax returns, which would entitle him to profits and damages arising from Defendants' alleged misrepresentations, breach of fiduciary duties, and breach of contract.

Plaintiff contends that his claim for an accounting is equitable in nature because it is based on breach of trust and distribution of partnership asserts, which are equitable claims. However, the Court disagrees. Plaintiff's request for an accounting is predicated on the assertion that Defendants misrepresented the tax returns and profits of Teetex and failed to pay Plaintiff what he was entitled to under a contract. The impetus for the suit was the alleged breach of contract and misrepresentations; the accounting is incidental to these claims. Thus, the accounting is based in legal claims of contract and tort, not equitable claims, as Plaintiff contends. Plaintiff seeks to determine if an amount is owed and if so, how much that amount is. Regardless of how Plaintiff characterizes it, he is effectively pursuing a claim for debt or damages, which is a legal claim triable by a jury. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962) ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings.").

Plaintiff also argues that the accounting claim should be rendered equitable by the Court because of its complexity. "The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is… the absence of an adequate remedy at law. Consequently, in order to maintain such a suit on a cause of action cognizable at law, as this one is, the plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Dairy Queen, Inc.*, 369 U.S. at 478. The "burden of such a showing is considerabl[e] and it will indeed be a rare case in which it can be met"). *Id*.

Plaintiff has not shown this is such a case. Plaintiff claims that the accounting will require the examination of the business records of Teetex and other entities to which Teetex allegedly diverted money as part of its scheme to misrepresent the value of Teetex to Plaintiff. However, a "legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into [Defendants'] business records." *Dairy Queen*, 369 U.S. at 478. Moreover, Plaintiff's allegations suggest that it would be within the jury's abilities to calculate a sum certain

2

for recovery. (*See* FAC ¶ 72 (alleging that the actual profits of Teetex were more than 3.75 times higher than reported to Plaintiff).) Thus, the Court does not find that this is "a rare case" where the complexities of the accounting are beyond the abilities and limitations of the jury.

Finally, Plaintiff contends that the accounting issue should be bifurcated to conserve judicial and jury resources. Plaintiff has not identified any prejudice that would result in trying the claims together, and given how intertwined the claims appear to be, the Court sees none. Thus, all claims will be tried simultaneously and must be presented within the time limits that will be imposed by the Court at the further pretrial conference.

**B.    Additional Issues.**

The Court will permit the parties to file additional motions *in limine* on the following issues which were raised by the parties at the pretrial conference: (1) Plaintiff's request to exclude the testimony of Defendants' expert; and (2) Defendants' request to preclude the testimony of Defendants' counsel Yi Yao. Should the parties wish to file motions *in limine* on these issues, they shall file their opening briefs by no later than November 10, 2022. The responses shall be due by no later than November 23, 2022. The Court does not permit reply briefs on motions *in limine*. The Court will address the motions at the further pretrial conference scheduled for February 6, 2023.

The parties shall meet and confer to develop a joint proposed special verdict form by no later than November 10, 2022. If the parties are not able to reach an agreement, each party should submit a proposed special verdict form by that date.

The parties shall meet and confer and submit a stipulation regarding how witnesses with multiple first names should be referred to during trial. The stipulation must be submitted no later than November 10, 2022.

Prior to the pretrial conference scheduled for February 6, 2023, the parties are ORDERED to attend a further settlement conference before Judge Illman. The parties should be prepared to provide an update on settlement prospects to the Court at the further pretrial conference. If the parties settle the case, they should advise the Court as soon as possible.

Matters related to jury instructions and voir dire will be addressed at the further pretrial

conference scheduled for February 6, 2023, at 2:00 p.m. The Court will post its proposed voir dire and proposed preliminary jury instructions in advance of the further pretrial conference.

**IT IS SO ORDERED.**

Dated: October 6, 2022

_____
JEFFREY S. WHITE
United States District Judge