UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIAJIE ZHU,

            Plaintiff,

      v.

JING LI, et al.,

            Defendants.

Case No.  19-cv-02534-JSW

**ORDER RESOLVING MOTIONS IN LIMINE**

Re: Dkt. Nos. 143, 144

On October 3, 2022, the parties appeared before the Court for a pretrial conference.  The Court set a further pretrial conference for February 6, 2023 and permitted the parties to file additional motions *in limine* on certain issues raised at the initial pretrial conference.  (*See* Dkt. No. 138.)  Now before the Court for consideration are (1) Plaintiff's second motion *in limine* to exclude the rebuttal report and testimony of Defendants' expert Edward Schenkein; and (2) Defendants' first motion *in limine* to preclude Plaintiff from calling counsel Yi Yao to testify.  For the following reasons, the Court GRANTS Plaintiff's second motion *in limine* and DENIES Defendant's first motion *in limine*.

**A.      Plaintiff's Motion to Exclude Defendants' Rebuttal Expert.  (Dkt. No. 143)**

Plaintiff moves to exclude the report and testimony of Defendant's expert Edward Schenkein.  (Dkt. No. 143.)  Plaintiff argues that Schenkein's report and testimony is inadmissible under *Daubert* and Rule 702 on the basis that he is not a valuation expert and because his conclusions lack factual support.

In determining whether expert testimony is admissible under Federal Rule of Evidence 702, the district court is charged with performing "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that

reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). In *Daubert*, the Supreme Court listed factors that a court may consider in determining whether expert testimony is sufficiently reliable to be admitted into evidence, including:

> (1) whether the scientific theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential error rate, and (4) whether the theory or technique is generally accepted in the relevant scientific community.

*Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1064 (9th Cir. 2002). These factors are not exhaustive. Indeed, in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 (1999), the Supreme Court emphasized that "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.* at 153; *see also United States v. Alatorre*, 222 F.3d 1098, 1101 (9th Cir. 2000) (stating that " 'the test of reliability is "flexible," and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case[;] [r]ather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination'"—"'the gatekeeping inquiry must be tied to the facts of a particular case'"). The focus of the court's inquiry "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 594-95.

Schenkein was designated to provide a report to rebut the report prepared by Plaintiff's expert, Carl Saba. In his rebuttal report, Schenkein opined the fair market value of Teetex as of December 31, 2015 was $1,080,000.00 and that Zhu's 70% interest in Teetex was $756,100.00. Mr. Schenkein's three-page report is based on the First Amended complaint, the reply declaration of Tony Chen, and Plaintiff's expert report by Carl Saba. Shenkein also states he "received financial information related to Teetex, the correspondence between the owners and related parties, etc."). (Dkt. 147.) Following the Court's order granting Plaintiff's first motion in limine, which excluded evidence of the alternative membership structure of Teetex, Defendant redacted the rebuttal report to exclude references to that information.

Schenkein's CV states that he is a partner in the Assurance & Advisory, Valuation, and

United States District Court
Northern District of California

United States District Court
Northern District of California

1  M&A Transaction Advisory Services practice groups at an accounting and consulting firm.  (Dkt.

2  147-1, Soloway Decl., Ex. 1.)[1]  He represents that he has experience in litigation consulting,

3  including in business and intellectual property valuation.  (*Id.*)  Schenkein has provided expert

4  testimony in two proceedings.  (Dkt. 143-1.)  Although the information regarding Schenkein's

5  qualifications are sparse, he appears to have educational and experiential qualifications in the

6  general field related to the subject matter of the issue in question, and the Court will not exclude

7  his testimony on this basis.

8  While the Court will not exclude Schenkein's report on the basis of his qualification, the

9  Court finds Plaintiff's arguments regarding reliability and lack of foundation persuasive.

10  Schenkein's report does not provide sufficient factual foundations for his conclusions regarding

11  the valuation of Teetex and Zhu's ownership interest.  Indeed, the report contains no statement of

12  the relevant facts on which his report is based.  Moreover, Schenkein does not explain the

13  valuation methods he considered nor does he state the valuation method he used in his analysis.

14  Schenkein states that "for valuation purposes," he has made adjustments to the net income and

15  "certain expenses to market rate, etc.," but he does not explain how he determined these

16  adjustments were appropriate or why these adjustments were made.  Similarly, he does not explain

17  why he considered only certain information in calculating compensation and benefits adjustments

18  or how the amounts used to adjust compensation and benefits were determined.  The same is true

19  of the thirty-percent marketability discount Schenkein applies to the fair market value of Teetex.

20  He does not explain why this discount is applied or how it was calculated, and he provides

21  inconsistent information regarding the typical range of the marketability discount.  Schenkein's

22  report lacks any industry or comparative analysis.  Thus, contrary to Defendants' position, this is a

23  reliability issue, not a credibility issue.

24  The Court concludes the report is based on an unreliable foundation and methodology

25  because Schenkein fails to explain the bases for his conclusions or provide the methodology he

26

27

28  [1] Schenkein's CV is included in the original rebuttal report, but it is not included with the revised
rebuttal report.  (*Compare* Soloway Decl., Ex. 1 *with id.*, Ex. 2.)

United States District Court
Northern District of California

used.  Accordingly, his report and testimony must be excluded under *Daubert*.[2]  *See Plush Lounge Las Vegas LLC v. Hotspur Resorts Nevada Inc.*, 371 F. App'x 719, 720–21 (9th Cir. 2010) (district court did not abuse its discretion in striking portions of expert declarations that lacked underlying factual support and did not provide an explanation of the methodology used); *see also Snyder v. Bank of Am., N.A.*, No. 15-cv-04228-KAW, 2020 WL 6462400, at *6 (N.D. Cal. Nov. 3, 2020) (excluding expert testimony under *Daubert* where opinion was unsupported and based on information never reviewed by the expert); *Davis v. Carroll*, 937 F. Supp. 2d 390, 418 (S.D.N.Y. 2013) ("Where an appraisal or other expert testimony rests on inadequate factual foundations, problematic assumptions, or a misleadingly partial selection of relevant facts, it must be excluded under Rule 702."); *Powell v. Anheuser-Bush, Inc.*, CV 09-729-JFW (VBKx), 2012 WL 12953439, at *7 (C.D. Cal. Sept. 24, 2012) (excluding expert testimony where the expert failed to consider the relevant underlying facts or develop the factual record).  Thus, the Court GRANTS Plaintiff's motion and will exclude the report and testimony of Schenken.

**B.**     **Defendants' Motion to Preclude Plaintiff from Calling Yi Yao.  (Dkt. No. 144)**

Defendants move to preclude Plaintiff from calling Yi Yao, one of Defendants' counsel, as a witness at trial.  (*See* Dkt. No. 144.)  Yi Yao is not just counsel of record in this lawsuit.  Yao was involved in the events underlying this litigation, including the negotiation of the buyout and the preparation of the purchase and sale agreement.  (Dkt. No. 144-2, Declaration of Yi Yao ("Yao Decl.") ¶¶ 4-5.)

Plaintiff previously moved to compel the deposition of Yao, a request Judge Hixson denied on the basis that the "sole piece of information [Plaintiff] wants to depose Yao about is who the true owners of Teetex were" and Plaintiff failed to show that other witnesses could not provide that information.  (Dkt. No. 83 at 3.)  Judge Hixson denied the request without prejudice noting that Plaintiff might "develop a factual record concerning knowledge uniquely known by Yao." (*Id*. at 4.)  Defendants now contend that Plaintiff should be precluded from calling Yao because the question of the true ownership of Teetex is no longer at issue in this case following this

---

[2] Because the Court finds Schenkein's report subject to exclusion under Rule 702 and *Daubert*, it will not reach the parties' alternate arguments for exclusion.

1   Court's order granting Plaintiff's first motion in limine.  (*See* Dkt. No 113.)

2          Because a lawyer serving as both an advocate and a witness risks some confusion for the

3   trial and complexities in the trial process, "[t]he standard for allowing a party to call its opponent's

4   trial attorney as a witness must…be at least somewhat higher than the standard for other

5   witnesses."  *Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-cv-03424-JCS, 2020 WL

6   127612, at *17 (N.D. Cal. Jan. 10, 2020).

7          In *Cave Consulting Group, Inc.*, the defendant moved to preclude the plaintiff from calling

8   defendant's lead trial attorney as a witness.  *Id.* at *14.  The plaintiff sought testimony from the

9   lawyer regarding his role in earlier litigation between two of the defendant's predecessor

10  companies that was relevant to the pending patent dispute.  The defendant argued the plaintiff had

11  not shown compelling reasons to call the trial counsel and that calling him as a witness would be

12  prejudicial under Federal Rule of Evidence 403.  *Id.*  The court "assume[d] for the sake of

13  argument that the 'compelling need' standard that the Ninth Circuit has applied in criminal cases

14  applies equally to civil cases."  *Id.* at *17 (citing *United States v. Lorenzo*, 995 F.2d 1448, 1452

15  (9th Cir. 1993)).  The court concluded plaintiff had shown a compelling need to call defendant's

16  counsel given that counsel had knowledge from the earlier proceedings that was relevant to the

17  plaintiff's claims and was the only lawyer who represented the defendant in both earlier

18  proceedings.  *Id.* at *17-18.  The court found that any prejudice resulting from its decision to

19  permit the calling of the lawyer as a witness was insufficient to preclude the testimony under the

20  compelling need standard or under Rule 403.  *Id.* at *19.

21         The Court finds *Cave Consulting Group* instructive in the present case.  Here, it is

22  undisputed that Yao was involved in the underlying dispute regarding the purchase and sale of

23  Teetex, including reviewing and revising the purchase and sale agreement and corresponding with

24  Zhu's lawyer, Christopher Lee, regarding the alleged breach of that agreement.[3]  (*See* Yao Decl.

25  ¶¶ 4-8.)

26

27  _____

[3] Plaintiff and Defendants share a different view of the extent of Yao's involvement in the earlier
28  negotiations, but the record is clear that Yao was involved at some level in the purchase and sale
     agreement and Zhu's departure from Teetex.

United States District Court
Northern District of California

Thus, the question is whether Yao's purported knowledge of the buyout process and alleged breach of the purchase and sale agreement is sufficiently relevant to Plaintiff's claims to allow him to call Yao as a witness. The Court finds that it is. The record shows that Yao was involved in the buyout and purchase and sale agreement between Defendants Chen and Li and Plaintiff Zhu. Additionally, Yao negotiated with Zhu's attorney Christopher Lee regarding the buyout. Given that Yao was apparently the sole lawyer advising Chen in the buyout negotiations, it appears that Plaintiff would be unable to offer evidence regarding certain parts of the buyout negotiations without Yao's testimony. Moreover, it does not appear, contrary to Defendants' argument, that all of this testimony would be privileged. The Court concludes these circumstances establish compelling reasons to allow Plaintiff to call Yao as a witness despite his status as Teetex's attorney.

Nor does the Court find that the potential prejudice to the Defendants in permitting Yao's testimony is sufficient to preclude his testimony. First, the Court's decision does not leave Defendants without trial counsel. The California Rules of Professional Conduct permit Yao to continue to represent Defendants despite testifying as a witness provided he obtains his clients' written consent. *See* Cal. R. Prof. Conduct 3.7(a)(3). Thus, permitting Yao to be called as a witness does not require his disqualification by the Court; however, Yao and Defendants must decide whether Yao may continue to serve as trial counsel even though he may also be called as a witness as trial. Additionally, Defendants have other trial counsel—Steven Soloway—who appears to be lead trial counsel in this matter.

Second, any prejudice Defendants may face by the decision to permit Yao to be called as a witness is lessened by the fact that Defendants have been on notice of Yao's potential relevance to this case since the early stages of litigation. Plaintiff disclosed Yao as a potential witness in his initial disclosures, which were served on February 7, 2020. (Dkt. No. 146-1, Declaration of Brian Irion ("Irion Decl.") ¶ 2, Ex 1.) Defendants nevertheless chose to proceed with Yao as counsel despite knowing that Plaintiff disclosed him as a possible witness and that Yao might have factual

1  knowledge relevant to Plaintiff's claims.[4]  But the advocate-witness rule does not exist to allow a

2  material witness "to exempt himself from the rigours of the fact-finding process by electing to

3  proceed as an advocate."  *United States v. Prantil*, 764 F.2d 548, 554 (9th Cir. 1985).  For these

4  reasons, Defendants' motion to preclude Plaintiff from calling Yi Yao to testify is DENIED.

## CONCLUSION

6  For the foregoing reasons, the Court GRANTS Plaintiff's motion *in limine* to exclude the

7  testimony and report of Defendants' rebuttal expert, Edward Schenkein and DENIES Defendants'

8  motion *in limine* to preclude Plaintiff from calling Yi Yao.

9  **IT IS SO ORDERED.**

10  Dated: January 30, 2023

_____
JEFFREY S. WHITE
United States District Judge

---

[4] The Court notes that Yao has never filed a formal notice of appearance on behalf of Defendants in violation of Civil Local Rule 5-1(c)(2).