UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>        Plaintiff,<br><br>   v.<br><br>JING LI, et al.,<br><br>        Defendants. | Case No. 19-cv-02534-JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENAS**<br><br>Re: Dkt. No. 171 |

Now before the Court for consideration is the motion to quash Plaintiff's Rule 45 trial subpoenas duces tecum to Defendant Tony Chen ("Chen"), Kevin Huang ("Huang"), and Yi Yao ("Yao") filed by Defendants Jing Li and Chen. Defendants seek to quash the subpoenas to the extent they seek documents, which Defendants argue constitute impermissible discovery after the close of discovery. Defendants do not seek to quash the trial subpoenas to the extent they seek attendance at trial. For the following reasons, the Court GRANTS Defendants' motion and quashes the portions of the trial subpoenas seeking documents.

**ANALYSIS**

**A.    Applicable Legal Standard.**

In California, federal courts interpret Rule 45 as setting forth two types of subpoenas: pretrial discovery subpoenas and trial subpoenas. *See F. T.C. v. Netscape Comm. Corp.*, 196 F.R.D. 559, 560 (N.D. Cal. 2000); *see also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 (S.D. Cal. 1999). Pretrial discovery subpoenas include requests for the production and inspection and books, documents, and tangible items. *See* Fed. R. Civ. P. 26(a)(5) (Parties may obtain discovery by requesting production of documents or things under Rule 45(a)(1)(C), for inspection and other purposes). Trial subpoenas, on the other hand, include

1  requests for attendance at a hearing or trial, (*see* Fed. R. Civ. P. 45(a)(1)-(2)(A)), and may be used
2  in narrow circumstances to secure documents.  *See Puritan Inv. Corp. v. ASLL Corp.,* No. CIV. A.
3  97-1580,1997 WL 793569, at *1 (E.D. Pa. 1997) (trial subpoenas may be used to secure
4  documents at trial for the purpose of memory refreshment or trial preparation); *see also Rice v.*
5  *U.S.,* 164 F.R.D. 556, 558 n. 1 (N.D. Okla. 1995) (trial subpoenas may be used to ensure
6  availability at trial of original documents previously disclosed by discovery).

7        "The narrow exceptions allow the use of a trial subpoena to secure an original document,
8  copies of which were obtained during discovery, where there is an objection regarding authenticity
9  of the document for admission at trial." *Inland Empire Foods, Inc. v. Zateca Foods, LLC*, No.
10  EDCV 00-00203-RT (EX), 2010 WL 11519370, at *2 (C.D. Cal. Apr. 27, 2010) (citing *Integra*
11  *Lifesciences I, Ltd.*, 190 F.R.D. at 562).  A Rule 45 could also be used to produce documents for
12  the purpose of memory refreshment or trial preparation.  *Id.* (citing *Mortgage Info. Servs, Inc. v.*
13  *Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002)).  "[A]bsent one of the narrow circumstances
14  highlighted above, requests for production of documents and things under Rule 45 constitute pre-
15  trial discovery and must be served within the designated discovery period.  *nSight, Inc. v.*
16  *PeopleSoft, Inc.*, No. 3:04CV3836MMC(MEJ), 2006 WL 988807, at *3 (N.D. Cal. Apr. 13, 2006).

17  **B.    The Court Grants the Motion to Quash Plaintiff's Trial Subpoenas.**

18        Three trial subpoenas are at issue: (1) the trial subpoena served on Tony Chen on January
19  27, 2023, as amended by the subpoena dated February 13, 2023; (2) the trial subpoena served on
20  Kevin Huang, CPA, as amended by the subpoena dated February 13, 2023; and (3) the trial
21  subpoena served on Yi Yao dated February 9, 2023.  (Dkt. No. 171-1, Declaration of Steven
22  Soloway ("Soloway Decl."), Exs. A-E.)

23        **1.    Plaintiff's amended trial subpoena to Chen.**
24        Plaintiff's amended trial subpoena to Chen seeks eight categories of documents, including
25  documents reflecting the ownership of Ju Zheng International, the most current annual audit report
26  of Ju Zheng, the most current tax return for Teetex, bank statements for Teetex for the past three
27  months, bank statements in which Chen has had any interest in the past three months, and Chen's
28  current mortgage statements, currently filed IRS forms, and most recent loan applications.  (*See*

2

1   Soloway Decl., ¶ 8, Ex. D).  Plaintiff seeks this information to establish Defendants' current
2   financial condition, which he argues is necessary to his claim for punitive damages.  Defendants
3   do not dispute that information related to their financial condition is relevant to the punitive
4   damages claim.  However, Defendants contend it is improper for Plaintiff to seek this information
5   for the first time in a trial subpoena; instead, Plaintiff should have requested this information in
6   discovery.  The Court agrees with Defendants.

7   Under California law, determining a proper punitive damage award requires evidence of
8   the defendant's ability to pay as of the trial date.  *See Nat'l Integrated Techs., Inc. v. Gustavson*,
9   76 F. App'x 774, 778-79 (9th Cir. 2003) (reversing punitive damage award based on outdated
10  financial information); *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal. App. 4th 165, 194 (2015)
11  ("The evidence should reflect the named defendant's financial condition at the time of trial.").
12  Thus, "[i]nformation related to a defendant's current net worth and financial condition is clearly
13  related to the issue of punitive damages." *LLB Sheet 1, LLC v. Loskutoff*, No. 16-cv-02349 BLF-
14  HRL, 2016 WL 7451632, at *1 (N.D. Cal. Dec. 28, 2016) (citing *Vieste, LLC v. Hill Redwood
15  Dev.*, No. C-09-04024 JSW (DMR), 2011 WL 855831, at *1 (N.D. Cal. Mar. 9, 2011)); *see also
16  Charles O. Bradley Trust v. Zenith Capital LLC*, No. C-04-2239 JSW (EMC), 2005 WL 1030218,
17  at *1 (N.D. Cal. May 3, 2005).

18  Here, Plaintiff is requesting punitive damages, but he did not seek pretrial discovery of
19  Defendants' financial condition.  Plaintiff contends he did not do so because documents
20  establishing Defendants' financial condition at the time during discovery would have been
21  irrelevant to the test for punitive damages, which measures a defendant's wealth at the time of
22  trial.  Plaintiff is correct that proving punitive damages requires evidence of the financial condition
23  at the time of trial.  However, Plaintiff has not provided, and the Court has not found, any
24  authority suggesting that this permits Plaintiff to request this information for the first time in a trial
25  subpoena and relieves Plaintiff of his burden to request this information during discovery.  Indeed,
26  the majority of courts in this circuit do not require a *prima facie* showing of entitlement to punitive
27  damages prior to being allowed to obtain discovery regarding a defendant's financial information.
28  *Atayde v. Napa State Hosp.*, No. 116CV00398DADSAB, 2020 WL 605868, at *3 (E.D. Cal. Feb.

7, 2020) (collecting cases); *see also Vieste*, 2011 WL 855831, at *2-3 (rejecting argument that punitive damage discovery should be postponed until after the plaintiff established liability). Plaintiff should have requested Defendants' financial records during discovery, and any issues raised regarding the relevancy or timeliness of those requests or the necessity of updating that information closer to trial should have been dealt with during the discovery process and prior to the discovery cut-off date. Thus, Plaintiff's attempt to seek Defendants' financial records for the first time by means of Rule 45 trial subpoena is an improper use of discovery after the close of discovery.

To the extent Plaintiff argues that he is seeking Defendants' financial records to refresh Defendants' recollection at trial, the Court finds Plaintiff has not demonstrated the records would be used for that purpose. Plaintiff speculates that when questioned about their net worth at trial, Defendants will feign ignorance or provide false testimony. The more likely explanation for Plaintiff's request is that he hopes to test the veracity of Defendants' testimony with the financial records. As discussed above, had Plaintiff wished to use the records for this purpose at trial, he should have requested them during discovery.

For these reasons, Plaintiff's requests for Defendants' financial records do not fall within the narrow exceptions allowing the use of a trial subpoena to obtain documents. The document requests constitute impermissible discovery after the close of discovery, and the Court GRANTS Defendants' motion to quash the document demands contained in Plaintiff's amended Rule 45 trial subpoena to Defendant Chen dated February 13, 2023.

**2.    Plaintiff's amended trial subpoena to Huang.**

Defendants also move to quash Plaintiff's Rule 45 trial subpoena to Kevin Huang dated February 13, 2023. Plaintiff's subpoena demands Mr. Huang produce tax returns from Teetex and Mr. Chen for 2021 and 2022 and communications with Mr. Chen reflecting a potential or actual transfer of assets belonging to Teetex or Defendants. (Soloway Decl., ¶ 8, Ex. E.)

Plaintiff contends Defendants lack standing to quash the subpoena served on Mr. Huang, who is not a party to the case. Generally, a party does not have standing to quash a subpoena issued to a non-party. However, "a party moving to quash a non-party subpoena has standing

4

when the party has a personal right or privilege in the information sought to be disclosed." *Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (quoting *Knoll, Inc. v. Moderno, Inc.*, No. 12-mc-80193 SI, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012). Defendants have demonstrated they possess a personal right in their tax returns and financial records. Thus, the Court concludes Defendants have standing to move to quash the trial subpoena issued to Mr. Huang.

As with the documents discussed above, Plaintiff did not seek these documents in discovery and requests them for the first time in his trial subpoena. For the reasons discussed above, the document demands included in the trial subpoena to Mr. Huang do not fall within the narrow exceptions allowing the use of a trial subpoena to obtain documents. The document demands constitute impermissible discovery after the close of discovery, and the Court GRANTS Defendants' motion to quash the document demands contained in Plaintiff's amended Rule 45 trial subpoena to Kevin Huang dated February 13, 2023.

**3.     Plaintiff's trial subpoena to Yi Yao.**

Defendants also move to quash Plaintiff's trial subpoena to Yi Yao dated February 9, 2023. Plaintiff's trial subpoena demands communications between Yao and Alvin Li, Andy Li, and Christopher Lee relating to the facts alleged in this case. (*See* Soloway Decl.¶ 7, Ex. C.) Plaintiff contends that during discovery Defendants failed to produce documents relating to Li's acquisition of Zhu's interest in Teetex. Plaintiff contends that these documents were improperly withheld during discovery, which is why he seeks them now from Mr. Yao. Plaintiff's argument is unpersuasive. If Plaintiff believed documents existed that were not disclosed during discovery, he should have timely demanded disclosure of such documents through formal discovery procedures. The documents demanded in the trial subpoena to Mr. Yao impermissibly seek the production of documents after the discovery deadline, and the requests do not fit into any of the exceptions permitting the use of trial subpoenas to obtain documents. Thus, the Court GRANTS Defendants' motion to quash the document demands contained in Plaintiff's Rule 45 trial subpoena to Yi Yao dated February 9, 2023.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to quash Plaintiff's trial subpoenas to Tony Chen, Kevin Huang, and Yi Yao because the document demands constitute impermissible discovery after the discovery deadline. The ruling does not quash the subpoenas to the extent they seek attendance of these witnesses at trial.

The Court advises the parties that it is likely to bifurcate the issue of the amount of punitive damages should the jury find liability, and evidence regarding Defendants' financial information will not be admitted unless and until there has been a determination that punitive damages are warranted. Thus, the Court's ruling is without prejudice to Plaintiff renewing the request for financial information at such time.

**IT IS SO ORDERED.**

Dated: March 9, 2023

_____
JEFFREY S. WHITE
United States District Judge