Steven A. Soloway (130774) (ssoloway@dehengsv.com)
Yi Yao (292563) (yyao@dehengsv.com)
**DeHeng Law Offices PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: 925-399-5856
F: 925-397-1976

*Attorneys for Defendants*
*Jing Li and Dong Chen*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU, | No. 19-cv-02534-JSW-RMI |
| Plaintiff, | **DEFENDANTS' PROPOSED MODIFICATIONS TO JURY INSTRUCTIONS (ECF NO. 194)** |
| vs. | |
| JING LI and DONG CHEN, | Trial Date: March 27, 2023 through April 3, 2023 |
| Defendants | Trial Time: 8:00 a.m. |
| | Location: Courtroom 5, 2nd Floor |
| | Hon. Jeffrey S. White |

Pursuant to the Court's instruction, Defendants Jing Li and Dong Chen, through their counsel, submitted the following proposed modifications to the jury instructions, ECF No. 194, which have been identified as track changes herein. Defendants do not propose any changes to the remaining jury instructions not contained herein.

**Tort Liability Asserted Against Principal—Essential Factual Elements**

Martin Zhu claims that he was harmed by Tony Chen's intentional misrepresentation, negligent misrepresentation.

Martin Zhu also claims that Jing Li is responsible for the harm because Tony Chen was acting as Teetex's employee when the incident occurred.

If you find that Tony Chen's intentional misrepresentation or negligent misrepresentation harmed Martin Zhu, then you must decide whether Jing Li is responsible for the harm. Jing Li is responsible if Martin Zhu proves both of the following:

1. That Tony Chen was Jing Li's employee; and

2. That Tony Chen was acting within the scope of his employment when he harmed Martin Zhu.

Margin comments:
- Deleted: , and breach of fiduciary duty
- Deleted: Jing Li's
- Deleted: ,
- Deleted: , breach of fiduciary duty

-2-
**DEFENDANTS' PROPOSED MODIFICATIONS TO JURY INSTRUCTIONS (ECF NO. 194)**

**Conspiracy—Essential Factual Elements**

Plaintiff Martin Zhu claims that he was harmed by Jing Li and Tony Chen's fraud, negligent misrepresentations, and breach of fiduciary duties as manager of Teetex and that Defendants Jing Li and Tony Chen are responsible for the harm because they were part of a conspiracy to commit fraud, negligent misrepresentations, and breach of fiduciary duties as manager of Teetex. A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that Jing Li and Tony Chen committed a fraud, negligent misrepresentations, or breach of fiduciary duties as manager of Teetex that harmed Plaintiff, then you must determine whether Defendants are also responsible for the harm. Defendants are responsible if Plaintiff proves both of the following:

1. That Defendants were aware that the other planned to engage in the wrongful act; and

2. That Defendants agreed with the other and intended that the fraud, negligent misrepresentations, and breach of fiduciary duties as manager of Teetex be committed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make Defendants responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators. Plaintiff is not required to prove that Defendants personally committed a wrongful act or that they knew all the details of the agreement or the identities of all the other participants.

Margin comments:
- Deleted: concealments
- Deleted: concealments
- Deleted: concealments
- Deleted: concealments

**Reliance**

Plaintiff Martin Zhu relied on Defendants Jing Li's and Tony Chen's misrepresentation if:

1. The misrepresentation substantially influenced him to sell his interest in Teetex LLC at the price agreed upon; and [Deleted: offered]

2. He would probably not have sold his interest in Teetex LLC without the misrepresentation.

It is not necessary for a misrepresentation to be the only reason for Plaintiff's conduct.

**Duty of Manager of LLC**

A manager of an LLC has the following duties to the LLC and other members:

1. To account to the limited liability company and hold as trustee for it any property, profit, or benefit derived by the member in the conduct of a limited liability company or derived from a use by the member of a limited liability company property; and

2. To refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.

A manager is obligated to carry out these duties consistent with the obligation of good faith and fair dealing.

**Deleted:** , including the appropriation of a limited liability company opportunity,

Dated: March 31, 2023

**DEHENG LAW OFFICES PC**

/s/ *Steven Soloway*
Steven Soloway

*Attorneys for Defendants
Jing Li and Dong Chen*