UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>    Plaintiff,<br><br>v.<br><br>JING LI, et al.,<br><br>    Defendants. | Case No. 19-cv-02534-JSW<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND AWARDING ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. Nos. 241, 245 |

Now before the Court for consideration is the supplemental statement regarding attorney's fees and the motion for leave to file a motion for reconsideration filed by Plaintiff Jiajie Zhu ("Plaintiff"). Plaintiff seeks reconsideration of the Court's July 26, 2023 Order granting, in part, and denying, in part, Plaintiff's motion for attorney's fees. For the following reasons, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration. The Court FURTHER ORDERS that Plaintiff shall recover $177,571 in attorney's fees and $16,267.15 in costs.

**BACKGROUND**

In this action, the jury found in favor of Plaintiff at trial on his claims for breach of contract, breach of fiduciary duty, and intentional misrepresentation. Plaintiff subsequently moved for attorney's fees and costs, arguing that the indemnification provision of the Purchase and Sale Agreement ("PSA") entitled him to such recovery. The Court found that the indemnification provision permitted Plaintiff to recover his attorney's fees and costs related to the breach of contract claim but not his tort claims. (*See generally* Dkt. No. 241.) The Court ordered Plaintiff to file a supplemental statement presenting a revised accounting of the requested award that was limited to work on the breach of contract claim.

On August 8, 2023, Plaintiff filed a supplemental statement regarding fees and costs. That

same day, he filed a motion for reconsideration of the July 26, 2023 Order arguing that the Court failed to consider his entitlement to fees and costs based on a different agreement, the operating agreement for Teetex ("Operating Agreement").

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

### A. The Court Denies the Motion for Leave to File a Motion for Reconsideration.

Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). "Once a reconsideration motion is filed, reconsideration is appropriate 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Cnty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1207-08 (N.D. Cal. 2017) (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Plaintiff argues that reconsideration is warranted based on the Court's manifest failure to consider a material fact which was presented to the Court before the order resolving Plaintiff's motion for attorney's fees. Specifically, Plaintiff argues that he is entitled to attorney's fees based on the Operating Agreement, which "was presented to the Court in plaintiff's request for judicial notice and was admitted into evidence as Exhibit 2." (Mot. at 3.)

The Court disagrees. The Operating Agreement was not presented to the Court in connection with the motion for attorney's fee. Although Plaintiff was aware of the Operating

2

Agreement at the time he filed the motion for attorney's fee, he did not mention the agreement in his motion let alone argue that it presented an alternative basis for a potential entitlement to attorney's fees. Rather, Plaintiff argued he was entitled to attorney's fees based on the PSA, and the Court addressed his entitlement to attorney's fees based on that agreement. If Plaintiff believed the Operating Agreement presented another basis for the relief he sought, he should and could have argued that in his original motion. His failure to do so does not entitle him to reconsideration of the Court's order. *See Mitchell v. Cnty. of Contra Costa*, No. 21-cv-05014-DMR, 2023 WL 420676, at *2 (N.D. Cal. Jan. 26, 2023 ("[d]efendants cannot use a motion for reconsideration to get a 'second bite' at something they could and should have put before the court in the first instance.").

Plaintiff's argument that he presented the Operating Agreement to the Court because it was admitted as an exhibit at trial and was included in his request for judicial notice is not well-taken. Plaintiff did not direct the Court to the Operating Agreement or argue it had any relevance to the attorney's fee motion. Thus, the fact that it was admitted as an exhibit at trial does not mean that it was presented to the Court in connection with the fee motion. It is not the task of the Court to manufacture arguments for counsel or scour the record for any possible basis on which it could grant Plaintiff's request. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (embracing the maxim, "[j]udges are not like pigs, hunting for truffles buried in briefs.").

Plaintiff's assertion that he presented the Operating Agreement to the Court in his request for judicial notice is also without merit. First, the request for judicial notice was submitted in connection with Plaintiff's motion for a new trial, not the motion for attorney's fees. Even if the request for judicial notice was connected to the relevant motion, Plaintiff failed to identify the specific exhibits or contents of any exhibit that might be pertinent to his arguments. Instead, he requested judicial notice of every exhibit admitted at trial. Such untailored requests for judicial notice are not consistent with the law's requirements. *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146-47 (N.D. Cal. 2020) (noting that while "dumping large swaths of material into a request for judicial notice has become commonplace[,] [t]his catch-all

approach to requesting judicial notice…is not consistent with the law's requirements.").

Plaintiff has failed to show a "manifest failure by the court to consider material facts or dispositive legal arguments presented before" the July 26, 2023 Order resolving the motion for attorney's fees. Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

**B.    The Reasonableness of the Fee Amount.**

In his original motion for attorney's fees, Plaintiff requested $376,373 in fees and $91,654.20 in costs. The Court granted Plaintiff's motion, in part, determining that Plaintiff was the prevailing party and that the PSA authorized the recovery of attorney's fees for the breach of contract claim. However, in order to permit the Court to assess the reasonableness of the requested attorney's fees, the Court ordered Plaintiff to file a supplemental statement providing a revised account of the request for attorneys' fees and costs limited to those incurred in connection with the breach of contract claim. Plaintiff filed a supplemental statement on July 26, 2023.

Courts apply the lodestar method to calculate reasonable attorney's fees under California law. *Int'l Petroleum Prods. & Additives Co. v. Black Gold S.A.R.L.*, No. 19-cv-03004-YGR, 2020 WL 789567, at *1 (N.D. Cal. Feb. 18, 2020) ("The Court applies California's lodestar method to calculate the appropriate attorneys' fees to be awarded.") (citing *Meister v. Regents of Univ. of California*, 67 Cal. App. 4th 437, 448–49 (1998)). "[T]he court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) ("[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate.").

The party requesting attorney's fees must prove the requested hours are reasonable by providing "a sufficient and proper basis for making that determination." *Rey v. Madera Unified Sch. Dist.*, 203 Cal. App. 4th 1223, 1244 (2012). "The Court must review time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients." *Int'l Petroleum Prods.*, 2020 WL 789567 at *2 (citing *Hensley*, 461 U.S. at 433-34). However, if a party opposes a fee request, it "must provide specific objections to specific

4

billing entries" because "[c]onclusory and unsubstantiated objections" are not sufficient. *Parkridge Ltd. v. Indzyen, Inc.*, No. 16-cv-07387-JSW(LB), 2020 WL 9422351, at *4 (N.D. Cal. May 8, 2020). "Even if the opposing party has not objected to the time billed, the [C]ourt cannot uncritically accept a fee request and must assess whether the time billed is reasonable in light of the work performed in the case." *Id.*

The Court must also determine whether the requested rates are reasonable. "The party seeking the fee has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Int'l Petroleum Prods.*, 2020 WL 789567 at *3 (citing *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987)). "The reasonable hourly rate is that prevailing in the community for similar work by lawyers of comparable skill, experience, and reputation." *Parkridge Ltd.*, 2020 WL 9422351 at *3 (citation omitted); s*ee also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "Generally, the relevant community is the forum where the district court sits." *Parkridge Ltd.*, 2020 WL 9422351 at *3.

In his original motion, Plaintiff sought $376,373 in fees and $91,654.20 in costs. He now requests a reduced award of attorney's fees in the amount of $355,163 and a reduced award of costs in the amount of $32,534.30. Plaintiff argues that the majority of the hours spent on this case are not easily divisible because they applied to both the tort and contract claims. Plaintiff submits that the only fees and costs that did not "directly or indirectly relate" to Plaintiff's breach of contract claim were the expert fees and costs of Plaintiff's expert, Carl Saba, the fees related to preparing for Saba's testimony, and the fees related to Plaintiff's second motion in limine, which sought to exclude the expert report of Defendants' rebuttal expert.

Plaintiff submits he worked 933.95 hours at the rate of $400/hour and paralegal fees at between $100-$175/hour on work related to the breach of contract claim. (*See* Dkt. No. 244-1, Declaration of Brian Irion, Ex. 1.) Defendants have not identified specific objections to the hours submitted by Plaintiff apart from their overall objection that work related to the tort claims should be excluded, which the Court discusses below. Here, Plaintiff has submitted an attorney

5

declaration and time records with specific billing entries, which include the total amount of time spent on certain case categories and the associated smaller activities. The Court finds Plaintiff's supporting documentation contains sufficient detail to determine the reasonableness of the hours worked, and it finds the hours expended on the case reasonable.

With regard to the reasonableness of the requested rates, Plaintiff's counsel attests that he has thirty years of experience and charged rates of $400/hour. (*See* Dkt. No. 224-1, Declaration of Brian Irion ¶¶ 3-8.) Plaintiff has submitted some authority establishing that this rate is below the rates of attorneys in the locale with similar knowledge, skill, training, and experience. Defendants do not dispute the hourly rates requested by Plaintiff. The Court finds an hourly rate of $400/hour is reasonable and falls below the routinely accepted attorneys' rates in this district. *See In re MagSafe Apple Power Adapter Litig.*, No. 09-cv-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510[.]"); *Banas v. Volcano Corp.*, 12-cv-01535-WHO, 2014 WL 7051682, at *5 (N.D. Cal. 2014) (finding rates ranging from $355 to $1,095 per hour for partners and associates were within the range of prevailing rates). Accordingly, the Court finds the requested rates are reasonable.

Defendants have not disputed the hourly rates requested by Plaintiff or submitted specific objections to the amount of hours spent on the case. Rather, Defendants contend that several categories of fees should be entirely excluded because they encompassed work unrelated to the breach of contract claim. This includes fees for opposing the motion to dismiss, the motion to consolidate, the motion for judgment on the pleadings, and the motion in limine related to the ownership interest in Teetex. Defendants further contend that other categories of fees, such as those related to discovery, case management conferences, and trial, should be reduced because only portions of the work related to the breach of contract claim.

After considering Plaintiff's original motion and supplemental statement and Defendants' arguments, the Court agrees with Plaintiff that much of the work on the case cannot be cleanly divided between tort claims and contract claims, with the exception of the fees and costs related to the expert, which were relevant solely to the tort claims. In his supplemental statement, Plaintiff

6

has attempted to eliminate all fees related to expert fees. Moreover, fees and costs incurred in bringing and opposing certain motions, such as the motion to dismiss and motion for judgment on the pleadings, can properly be considered as indirectly relating to the breach of contract claim at least in part. They should not be wholly excluded because the motions addressed Plaintiff's ability to pursue his claims, one of which was the claim for breach of contract.

However, the Court concludes that granting Plaintiff the entirety of his requested adjusted amount of fees and costs would be unreasonable given that he his entitled only to recover fees and costs for his breach of contract claim. Thus, in addition to the adjustment to account of the exclusion of the expert fees and costs, the Court will impose a reduction on the fees and costs requested to account for the work performed on the tort claims. The Court finds it appropriate to award Plaintiff $177,581 in fees and $16,267.15 in costs, which is half of Plaintiff's adjusted requested award. The Court finds that awarding Plaintiff half of the requested fees and costs serves as a reasonable approximation of time spent on breach of contract claim while avoiding awarding fees and costs for work incurred on the tort claims.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration. The Court AWARDS Plaintiff attorney's fees and costs in the amount of $193,848.15.

**IT IS SO ORDERED.**

Dated: August 16, 2023

_____
JEFFREY S. WHITE
United States District Judge