FILED

Sep 07 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>    Plaintiff,<br><br>v.<br><br>JING LI, et al.,<br><br>    Defendants. | Case No. 19-cv-02534-JSW (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 262 |

    In ECF No. 260, the Court issued an order concerning certain requests for production ("RFPs") and interrogatories ("rogs") relating to judgment debtor discovery. The Court also ordered the parties to file another joint discovery letter brief concerning rogs 7 and 20 and RFPs 6, 22 and 23, which they have now done. ECF No. 262.

    <u>Rog 7</u> states "IDENTIFY the companies or persons who prepared YOUR federal tax returns or any extension therefore in 2012 and 2013." The Court is not required to enforce (or decline to enforce) discovery requests exactly as they are written and understands what a typo is. The Court also thinks Defendants understand what a typo is. Plaintiff obviously meant "thereto" instead of "therefore" and "2022 and 2023," not "2012 and 2013."

    Beyond that, the parties' dispute about this rog is a proxy fight for what they think it would be proper for the tax preparers to produce in response to a subpoena. The parties disagree about whether Defendants' tax returns are privileged and also disagree about whether the tax preparers could be required to produce foundational financial documents, such as bank statements, W-2's, and so on. Although the parties don't mention it, there is presumably also reason to think that some or all of these foundational financial documents might be duplicative of what Plaintiff may obtain from Defendants.

1    The Court declines to decide what, if anything, Plaintiff may obtain from Defendants' tax
2    preparers. That issue is premature because no subpoena to them has been issued. It's also
3    premature because Defendants' deadline to produce their financial documents has not yet arrived,
4    so Plaintiff doesn't know what financial documents might be available only from the tax
5    preparers. Plaintiff has articulated some reasons for wanting to subpoena the tax preparers, and
6    that's good enough to learn who they are. Whether a subpoena to the tax preparers should be
7    enforced is a fight the parties and the tax preparers can have after the subpoena is served.
8    Accordingly, the Court **GRANTS** the motion to compel as to rog 7 and **ORDERS** Defendants to
9    identify the companies or persons who prepared their federal tax returns or any extension thereto
10   in 2022 and 2033 within seven days.

11   Rog 20 asks Defendants to identify every legal action in which they have been a party in
12   the last ten years and to provide information about each such lawsuit. Plaintiff states that lawsuits
13   in which the Defendants were plaintiffs could provide information from which he could lien assets
14   obtained thereby or lien unsatisfied judgments. Similarly, if there are other judgment creditors of
15   Defendants, that might aid in determining if Plaintiff should join with other unsatisfied creditors
16   and place Defendants into an involuntary bankruptcy. Defendants observe that rog 1 asked them
17   to identify all things in which they have an ownership interest, including lawsuits and debts owed
18   to them, rog 24 asked them to identify all of their liabilities, and the Court has already ordered
19   them to answer rogs 1 and 24. Defendants contend that the remainder of what rog 20 seeks is
20   irrelevant to judgment debtor discovery. The Court agrees and **DENIES** the motion to compel as
21   to rog 20.

22   RFP 6 seeks "All DOCUMENTS that constitute, comprise, reflect or discuss statements of
23   any IRAs, ERISA, Keogh, or other pension or profit sharing plans for which YOU are a
24   beneficiary, holder or owner." The parties agree that in the ordinary course, retirement accounts
25   cannot be levied against to satisfy a judgment. Plaintiff counters that the conversion of nonexempt
26   assets to exempt assets is subject to possible avoidance as a fraudulent conveyance, if done with
27   the intent to hinder or delay creditors, *see In re Ganier*, 403 B.R. 79, 84 (Bankr. D. Idaho 2009)
28   (prebankruptcy conversion of non-exempt assets into exempt assets is not fraudulent per se but is

2

also not per se insulated from avoidance as a fraudulent transfer), and he argues that Defendants may have done just that. Defendants say this is speculation. However, judgment debtor discovery has to be broad enough to uncover any possible fraudulent conveyances, and it is unreasonable and backwards to demand that Plaintiff know of a specific fraudulent conveyance before he takes discovery. Defendants also argue that there are less intrusive ways to trace any alleged fraudulent transfer, such as RFP 1 (statements from financial institutions), or rog 24 (identify all liabilities). The Court does not see how rog 24 would provide information about potential fraudulent conveyances into exempt assets. To the extent that RFP 1 would do so, that's only because RFPs 1 and 6 overlap. But RFP 6 also reaches retirement plans for which Defendants are the beneficiaries, even if not the owners, which is outside the scope of RFP 1. Because Plaintiff has articulated a relevant reason to obtain the documents sought by RFP 6, the Court **GRANTS** the motion to compel as to this RFP and **ORDERS** Defendant to produce responsive documents within 30 days. The Court expresses no opinion on whether Plaintiff could actually levy on any of these retirement accounts. Presumably Plaintiff needs to obtain the documents responsive to RFP 6 in order to determine whether he can make a showing that any of these accounts are subject to a fraudulent transfer claim.

<u>RFP 22</u> asks Defendants for copies of their federal and state income tax returns for years 2021 and 2022. Defendants invoke California's privilege against disclosing tax returns. *See Weingarten v. Superior Court*, 102 Cal. App. 4th 268, 274 (2002) ("California courts . . . have interpreted state taxation statutes as creating a statutory privilege against disclosing tax returns."). The parties appear to agree that in this diversity case, *see* ECF No. 6 ¶ 6 (First Amended Complaint alleging diversity jurisdiction), state law governs claims of privilege in judgment debtor discovery. *See Iroquois Master Fund, Ltd. v. Global ePoint, Inc.*, 2018 WL 6929337, *4-5 (C.D. Cal. Jan. 9, 2018) (reaching the same conclusion).

California's privilege against disclosing tax returns is "not absolute," *Weingarten*, 102 Cal. App. 4th at 274, but as a matter of state law, Plaintiff's motion to compel as to RFP 22 is premature because, among other reasons, Plaintiff has not demonstrated that Defendants have refused to produce nonprivileged financial documents. *See id.* at 275 (" Had Weingarten complied

3

in good faith and produced the type of conventional financial documents requested by plaintiffs, such as bank, investment, and real estate records, the compelled production of tax returns would not have been warranted."); *Li v. Yan*, 247 Cal. App. 56, 67 (2016) ("[D]isclosure may be ordered where . . . the party requesting disclosure establishes . . . the defendant has refused to produce relevant nonprivileged financial records or has produced only meaningless and unreliable financial information," among other requirements) (quoting *Weingarten*, 102 Cal. App. 4th at 276-77). Accordingly, Plaintiff's motion to compel as to RFP 22 is **DENIED WITHOUT PREJUDICE**.

RFP 23 seeks Defendants' wills or trusts or codicils thereto. While objecting based on privacy grounds, Defendants also state that no responsive documents exist. Accordingly, Plaintiff's motion to compel as to RFP 23 is **DENIED**.

**IT IS SO ORDERED.**

Dated: 9/7/2023

THOMAS S. HIXSON
United States Magistrate Judge