UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>        Plaintiff,<br><br>    v.<br><br>JING LI, et al.,<br><br>        Defendants. | Case No. 19-cv-02534-JSW  (TSH)<br><br>**ORDER DETERMINING CLAIM OF EXEMPTION**<br><br>Re: Dkt. No. 285 |

The Court held a hearing on March 14, 2024 to determine a claim of exemption, and now issues the following order.[1]

A.   **Procedural Background**

Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Here, judgment was entered in favor of Plaintiff and against Defendants for $1,495,669.38.  ECF No. 275.  This Court is in California, so it will apply California procedure

---

[1] The Court issues an order because determining whether money or property can be attached or garnished is a non-dispositive matter that may be referred to a magistrate judge for decision.  28 U.S.C. § 636(b)(1)(A) "lists those motions which may not be determined by a magistrate.  Accordingly, any motion not listed, nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine."  *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-48 (1990); *see also Aetna Life Ins. Co. v. Tooth Savers Dental Servs.*, 1997 WL 102453, *1-3 (D. Conn. Feb. 4, 1997) (magistrate judge has authority to issue order permitting garnishment of defendants' bank accounts and other assets, and rejecting argument that garnishment is analogous to "injunctive relief" listed in 28 U.S.C. § 636(b)(1)(A)); *Illumination Dynamics Co., Ltd., v. Pacific Lighting Solutions L.L.C.*, 2014 WL 4090562, *2-3 (N.D. Cal. Aug. 18, 2014) (reviewing magistrate judge's attachment order as a non-dispositive order); *LegalZoom.com, Inc. v. Macey Bankruptcy Law, P.C.*, 2013 WL 6859269, *1-2 (C.D. Cal. Dec. 30, 2013) (same).

1  concerning the execution of the judgment.

2  California Code of Civil Procedure ("CCP") § 703.030(a) provides that "[a]n exemption
3  for property that is described in this chapter or in any other statute as exempt may be claimed
4  within the time and in the manner prescribed in the applicable enforcement procedure.  If the
5  exemption is not so claimed, the exemption is waived and the property is subject to enforcement
6  of a money judgment."

7  However, CCP § 704.220(a) states that "[m]oney in the judgment debtor's deposit account
8  in an amount equal to or less than the minimum basic standard of adequate care for a family of
9  four for Region 1, established by Section 11452 of the Welfare and Institutions Code and as
10  annually adjusted by the State Department of Social Services pursuant to Section 11453 of the
11  Welfare and Institutions Code, is exempt without making a claim."  The current amount of this
12  exemption is $2,080.  https://www.courts.ca.gov/documents/ej156.pdf.  "The exemption applies
13  per debtor, not per account."  CCP § 704.220(a)(1).

14  In addition, "[m]oney in a judgment debtor's deposit account that is not otherwise exempt
15  under this chapter is exempt to the extent necessary for the support of the judgment debtor and the
16  spouse and dependents of the judgment debtor."  CCP § 704.225.

17  Pursuant to CCP § 703.520(a), "[t]he claimant may make a claim of exemption by filing
18  with the levying officer, either in person or by mail, a claim of exemption together with a copy of
19  the claim."  If the judgment creditor opposes the claim of exemption, it must "file with the court a
20  notice of opposition to the claim of exemption and a notice of motion for an order determining the
21  claim of exemption," CCP § 703.550(a).  "The claim of exemption and notice of opposition to the
22  claim of exemption constitute the pleadings, subject to the power of the court to permit
23  amendments in the interest of justice."  CCP § 703.580(a).  The court may make a determination
24  on the claim of exemption based on these pleadings "if satisfied that sufficient facts are shown" by
25  them; "[i]f not satisfied, the court shall order the hearing continued for the production of other
26  evidence, oral or documentary."  CCP § 703.580(c).  Here, the Court scheduled the hearing for
27  March 14, 2024 and allowed Defendants to file a response to the motion for an order determining
28  the claim of exemption by March 7, 2024, and Plaintiff to file a reply by March 12, 2024.  ECF

1  No. 295.  Both sides filed submissions containing further evidence and argument.  ECF Nos. 296,
2  297.
3        At the hearing, "the exemption claimant has the burden of proof."  CCP § 703.580(b).  "At
4  the conclusion of the hearing, the court shall determine by order whether or not the property is
5  exempt in whole or in part.  Subject to Section 703.600 [providing that the claimant has a right to
6  appeal], the order is determinative of the right of the judgment creditor to apply the property to the
7  satisfaction of the judgment.  No findings are required in a proceeding under this section."  CCP §
8  703.580(d).  The order is then transmitted to the levying officer, who must comply with the order
9  by either releasing the property or applying it to the satisfaction of the money judgment.  CCP §
10 703.580(e).

**B.  Discussion**

      Plaintiff served writs of execution and notices of levy on Wells Fargo and Bank of America, seeking all deposits and account amounts held by Defendants.  Defendants submitted identical claims for exemption, supported by separate financial statements.  ECF No. 285-2, Exs. 1 & 2.  They ask for a total of $8,572.07 in four separate bank accounts to be exempted from enforcement because the funds are needed to pay $13,490.52 in obligations.  The obligations are for an American Express bill for $512.25 incurred to cover the family's expenses for life insurance, copayments for medical visits at Kaiser, cable services, and tollage; a Citi credit card bill for $4,157.39 to cover the family's expenses for gas, groceries, dining and travel; a Bank of America credit card bill for $1,332.90 to cover the family's expenses for groceries, insurance, and online shopping during the holidays; and a bill from San Mateo County for $7,487.98 for property taxes.  Wells Fargo determined that $2,080 of Defendants' money was protected and the remaining $3,680.66 in the two Wells Fargo accounts was subject to garnishment.  Bank of America attached the entire $4,891.41 in the two Bank of America accounts.  Defendants' claimed exemption ($8,572.07) is for the entire amounts the two banks have attached ($8,572.07 = $3,680.66 + $4,891.41).

      Plaintiff challenges most of the claimed exemption.  We can get the easy issue out of the way first.  As Plaintiff acknowledges in his reply brief (ECF No. 297 at 1), the exemption for

3

1  $2,080 under CCP § 704.220 "applies per debtor" (*id*. (e)(1)), and there are two debtors.  Thus,
2  Defendants are entitled to a second exemption of $2,080.  Accordingly, the disputed claimed
3  exemption is $6,492.07.
4        Defendants' alleged need to use the frozen funds to pay their property tax bill that was due
5  February 1, 2024 is hard to understand given that they have already paid it in full (ECF No. 285-2,
6  Ex. 4), apparently with other funds, as they admit in their brief (ECF No. 296 at 3) and admitted
7  again at today's hearing.  Thus, we're really talking about $6,002.54 in credit card debt for a
8  couple who, according to their financial statements, earn a combined $286,296 a year to support
9  them and their adult child.  Even if the banks turn over the disputed amount of $6,492.07 to
10 Plaintiff, Defendants' income stream is easily sufficient to pay this credit card debt.
11       It's true that Defendants don't live cheaply.  In their financial statements, they claim that
12 their total monthly expenses are $15,727 against a combined monthly take home pay of $15,909.
13 But they don't get to stiff their judgment creditor just because they spend lavishly.  Section
14 704.225 exempts money that is "necessary" for the support of the judgment debtor and the spouse
15 and dependents of the judgment debtor.  The Court understand that "[t]he word 'necessaries' . . . .
16 is not confined in its application merely to what is essential barely to support life, but that it
17 includes many of the conveniences of a refined society . . ." *Sanker v. Humborg*, 48 Cal. App. 2d
18 205, 207 (1941) (quoting *Evans v. Noonan*, 20 Cal. App. 288, 292-93 (1912)).  But $286,296
19 vastly exceeds the median family income for a family of three in California.  ECF No. 285-2, Ex.
20 3.  Defendants come nowhere close to satisfying their burden of proof that the disputed amount is
21 necessary to pay about six thousand dollars in credit card debt, given their high income.
22       Accordingly, pursuant to CCP § 703.580(d), the Court **DETERMINES** that of the claimed
23 exemption of $8,572.07, the amount of $2,080 is **EXEMPT**, and the amount of $6,492.07 is **NOT**
24 **EXEMPT**.
25       **IT IS SO ORDERED.**
26 Dated: March 14, 2024

THOMAS S. HIXSON
United States Magistrate Judge

4