UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIAJIE ZHU,

              Plaintiff,

    v.

JING LI, et al.,

              Defendants.

Case No.  19-cv-02534-JSW   (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 308, 310, 311, 312, 313, 314, 315, 316, 317, 318

In ECF No. 308, the Court ordered several things, including that:  "Defendants shall promptly produce the Uniform Home Loan Application and the Addendum to Residential Mortgage Loan Application if they have not already done so"; Defendants must show cause "why they should not be sanctioned for failing to produce the Chinese bank account statements in violation of the Court's orders at ECF Nos. 260 and 293"; "Defendants shall produce Teetex's cash flow and income statements"; and "[i]f Plaintiff wants to challenge any redactions Defendants have made or will make to their produced documents, he must file a discovery letter brief setting forth the ones he is challenging."

In ECF No. 310, Defendant Dong Chen submitted a declaration in response to the order to show cause.  The declaration states in relevant part:

> 5. I have produced all of the Chinese bank account records that I have been able to obtain.

> 6. Although I went to China in or around July 2023 for the purpose of seeking medical treatment, due to my health condition and medical treatment schedule, I was unable to go to the bank personally to request bank statements.

> 7. In or around October 2023, I went to China again. I went to the bank and asked the bank teller to give me the bank records.  The bank teller directed me to print my bank records from a machine.  I have

produced to Plaintiff everything that I was able to print from that machine.

8. I have also tried to obtain the Chinese bank account statements online, but have been unable to do so because I do not have an online bank account and am unable to create one in the United States.

9. I will try to obtain any additional Chinese bank account statements the next time I travel to China, and will produce them to Plaintiff when I do.

Plaintiff filed a letter brief at ECF No. 311 concerning several subjects.  Plaintiff argued

that Chen's declaration in ECF No. 310 contradicted the following testimony in his deposition:

Q. All right. So, Mr. Chen, looking at Exhibit 9, what is it?

A. It's a list from China hospital -- I mean China bank.

Q. It is a one-day statement from the Industrial and Commercial Bank of China; correct?

A. Yes.

Q. And it's dated November 12th, 2023; correct?

A. Yes.

Q. Okay. So, you were in China at the time you got this?

A. Yes.

Q. Do you maintain an account at the Industrial and Commercial Bank of China?

A. Yes.

Q. And this page reflects what?

A. To tell you the balance of the account.

Q. As of that one day; right?

A. Yes.

Q. Okay. Have you at any point in time ever attempted to get monthly or regular statements from this bank?

A. No.

Q. Are you aware that you were asked to get regular statements from all bank accounts in China for the last two or three years as part of the post-judgment discovery in this case?

A. I'm aware of that, however, I did not get any, other than this page.

Q. Do you get regular statements from this bank?

A. No.

Q. Do you get statements electronically?

A. No.

Q. Did you ever ask the bank for regular statements for the last two or three years?

A. No, I didn't.

Q. Why not?

A. I don't need the statements. All I need is to go to ATM to see how much money I have in there.

In addition, Plaintiff stated that Defendants did not comply with the Court's order in ECF No. 308 because they did not produce their 2019 home loan application with Bank of America or Teetex's cash flow and income statements.  Plaintiff also challenged redactions in the statements from Chen's Bank of America HELOC Account secured by his home.  Defendants redacted the entries for total credit line, total credit available, cash credit line, and portion of credit available for cash.  Plaintiff argues that Chen's deposition testimony shows that the line of credit from the bank is often not fully extended and varies, and therefore knowing how much credit has been extended is important for determining how much equity Defendants have in their house.  Finally, Plaintiff argues that Teetex's bank statements should be unredacted.  Generally, the source of incoming funds and the recipient of outgoing funds are redacted.  Plaintiff argues that given how Defendants previously sent money back and forth between themselves and Teetex, it is likely that some of these outgoing payments are to Defendants.  As for confidentiality concerns, Plaintiff says they can be addressed by the protective order in this action (ECF No. 62).

In ECF No. 313, Defendants responded as to the Chinese bank account statements.  Chen submitted another declaration, this one dated May 21, 2024 (ECF No. 313-1), that stated in relevant part:

2. On May 2, 2024, I attended the judgment debtor examination, with the assistance of a Mandarin-English interpreter. During the examination, Plaintiff's counsel asked me whether I get monthly or regular statements from the Chinese bank, and whether I ever requested monthly or regular statements from this bank. I understood

United States District Court
Northern District of California

the questions to ask whether I regularly get, or whether I ever requested to get monthly statements from the bank on a regular basis—not whether I ever asked the bank for the account statements requested by Plaintiff.

3. To be clear, although I do not get, and have never requested to get monthly account statements from the Chinese bank on a regular basis, I indeed tried to obtain the account statements requested by Plaintiff from the Chinese bank, and have produced the one page statement, which is the only bank account statement that I have been able to obtain from the Chinese bank and the only statement in my possession.

4. As set forth in my previous declaration (ECF No. 310), I have made all reasonable attempts to obtain the Chinese bank records, and will again attempt to obtain the requested statements when I next go to China.

Plaintiff filed a letter brief at ECF No. 314, addressing several points. Among other points, Plaintiff stated that on May 22, 2024, Defendants produced a one-page income statement and a one-page balance sheet for the period ending December 31, 2022 for Teetex. He also stated that on June 17, 2024 Defendants produced a one-page statement of cash flows, also for the period ending December 31, 2022, for Teetex.

Defendants responded in ECF No. 315. They stated that by June 17, 2024, they had produced all of Teetex's cash flow and income statements in their possession, custody or control that had not already been produced. They said that by June 21, 2024, "Defendants have produced the Home Equity Line of Credit offered by Bank of America, which are the only documents in their possession, custody, or control pertaining to the Uniform Home Loan Application and Addendum to Residential Mortgage Loan Application." And they stated that "[b]y August 30, 2024, Defendants have produced all of the Chinese Bank account records in their possession, custody, or control."

Plaintiff responded in ECF No. 316. He says that Chen's May 21 declaration in ECF No. 313-1 is false. Specifically, Plaintiff says that on August 30, 2024 at 9:15 p.m., Defendants produced three pages of balances and transfers from Chen's Chinese bank account. While in Chinese, it reflect the dates of transaction, the amounts of money wired in or out, whether a transaction was undertaken in the branch or at the equivalent of an ATM. Plaintiff states that the recipients' names for tens of thousands of dollars, and their bank accounts, have all been redacted.

1    Moreover, though the production was made on August 30, 2024, Plaintiff reports that the

2    document was originally printed on May 20, 2024, the day before Chen's May 21 declaration.

3            Defendants respond in ECF No. 318.  Chen submits another declaration (ECF No. 318-2)

4    stating in relevant part:

5            2. On May 20, 2024, I went to my Chinese Bank branch, Chang Ning
             Zhong Shan Gong Yuan, and requested the bank to provide me with
6            copies of monthly bank account statements.  The bank refused my
             requested and said monthly statements were not available, but the
7            bank did give me a detailed summary of all transactions on my
             account since January 1, 2022.
8
             3. There were some transactions in my account from January to April,
9            2024, but I called the bank to authorize these transactions because I
             was not in China during that time.
10
             4. I visited and spoke to employees at Bank of America branch, and
11           called the agent who assisted me to apply for the home equity loan,
             multiple times, requesting Bank of America to give me a copy of the
12           documents related to the loan application.  My attorney also sent a
             letter to Bank of America, requesting the same documents.  I
13           produced everything I received from Bank of America, including an
             Addendum to Residential Mortgage Loan Application and Home
14           Equity Closing Directions.

15           Defendants also dispute that recipients' names and the last four digits of their account

16   numbers were redacted.  ECF No 18-1 (Yao Decl. ¶ 4).

17           The Court held a hearing on October 30, 2024 and now issues the following order.

18   **A.    Order to Show Cause (ECF No. 308)**

19           In ECF No. 260, the Court ordered, among other things, that Defendants must produce

20   documents responsive to request for production ("RFP") 1.  RFP 1 requested:  "All

21   DOCUMENTS that constitute, comprise, reflect or discuss any account with any financial

22   institution in which YOU have or had any ownership interest in beginning January 1, 2022,

23   including but not limited to monthly, quarterly, or other periodic statements, cancelled checks,

24   deposit slips, wire transfers, or any other document."  The Court issued that order on August 28,

25   2023.  The Court's order at ECF No. 293 required the "[p]roduction of all documents pursuant to

26   Docket numbers 260 and 266 in this case shall be completed as soon as possible . . ."  The Court

27   issued that order on March 1, 2024.

28           As discussed above, according to Dong Chen's sworn testimony, he went to China in

United States District Court
Northern District of California

5

United States District Court
Northern District of California

October and November 2023, and both times he went to his bank.  Neither time did he obtain a record of his bank transactions, even though that was clearly responsive to RFP 1 and required by the Court's order.  Further, Defendants violated ECF No. 293 by not producing the Chinese bank account statement that Chen had in this possession on May 20, 2024 as soon as possible but instead delaying production by more than three months and forcing Plaintiff to file multiple discovery briefs.  At the hearing, counsel blamed their client, saying he did not tell them he had that document.  The Court can see from Chen's declarations that he is attempting to finely parse the meaning of a bank account "statement," but the Court rejects the parsing.  A detailed summary of all transactions on his account – which he says under penalty of perjury is what the May 20 document is – is a statement.  Further, the Court's orders at ECF Nos. 260 and 293 ordered Defendants to produce documents responsive to RFP 1, which is far more sweeping than statements.  The Court does not believe that in May 2024 the bank provided a type of document that it was unable or unwilling to provide in October or November of the previous year.  That doesn't make any sense at all.  Chen simply violated the Court's order at ECF No. 260 by not getting records for his Chinese bank account sooner.  Further, Chen's own lawyers say he sat on the May 2024 document for three months before telling them about it – another violation of the Court's orders.  Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2), the Court **SANCTIONS** Chen for violating discovery orders.  Chen's failure to comply was not substantially justified, and other circumstances do not make an aware of expenses unjust.  The Court **ORDERS** Plaintiffs' counsel to file a declaration no later than November 8, 2024 detailing any expenses Plaintiff incurred due to these violations of the Court's orders.  Defendants may file objections to that declaration no later than November 15, 2024, and Plaintiff may respond to the objections no later than November 26, 2024.

The Court also **ORDERS** Defendants to serve a redaction log within seven days of the date of this order concerning the May 20, 2024 bank statement.

**B.      2019 Home Loan Application**

Defendants say they have produced what they have.  Plaintiff has not shown this is untrue.

**C.      Teetex Cash Flow and Income Statements**

The Court **ORDERS** Defendants to produce the Teetex cash flow and income statements for 2023 by November 13, 2024.

**D.      Redactions**

The redactions to Chen's Bank of America statements are improper.  Plaintiff argues that the redacted information is necessary to determine how much credit has been extended, which is relevant to how much equity Defendants have in their house, which secures the line of credit with the bank.  At the hearing Defendants said that these bank account statements do not relate to the home equity line of credit at all, but instead to a credit card.  At a minimum, this dispute shows that the redactions have made it impossible for Plaintiff to determine what these bank account statements are for, and whether there is some other Bank of America account for which statements have not been produced.

The redactions to Teetex's bank account statements are also improper because it is relevant judgment debtor discovery to learn if Teetex is receiving money from or providing money to the judgment debtors.

Accordingly, the Court **ORDERS** Defendants to reproduce the Bank of America statements and the Teetex bank statements without redactions and to update that production with all 2024 bank statements to date.  Defendants must do this within 30 days.  As discussed at the hearing, the Court **ORDERS** that the Teetex bank statements are for counsel's eyes only, without prejudice to Plaintiff filing a joint discovery letter brief requesting that this restriction be lifted.

**IT IS SO ORDERED.**

Dated: October 30, 2024

THOMAS S. HIXSON
United States Magistrate Judge