UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>        Plaintiff,<br><br>    v.<br><br>JING LI, et al.,<br><br>        Defendants. | Case No. 19-cv-02534-JSW (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 322, 323, 324 |

In ECF No. 320, the Court sanctioned Defendant Dong Chen pursuant to Federal Rule of Civil Procedure 37(b)(2) for violating discovery orders. Specifically, the Court's August 28, 2023 discovery order at ECF No. 260 required, among other things, for Chen to produce documents in response to Plaintiff's request for production ("RFP") 1. And the Court's March 1, 2024 discovery order at ECF No. 293 required, among other things, the production of all documents pursuant to ECF No. 260 as soon as possible. The Court found that Chen went to China in October and November 2023 and did not obtain a record of his Chinese bank transactions at the time. This was a violation of ECF No. 260. The Court also found that Chen violated ECF No. 293 by delaying producing the May 2024 bank records he later obtained from China for three months. The Court rejected Chen's attempt to parse the meaning of a bank account "statement," noting that the Court's orders at ECF Nos. 260 and 293 required him to produce documents responsive to RFP 1, which was more sweeping that just statements. The Court found that Chen's failure to comply was not substantially justified, and that other circumstances did not make an award of expenses unjust.

To determine the proper amount of the sanction, the Court ordered Plaintiff's counsel to file a declaration by November 8, 2024 detailing any expenses Plaintiff incurred due to these

1  violations of the Court's orders. The Court stated that Defendants could file objections to that

2  declaration no later than November 15, 2024, and Plaintiff could respond to the objections no later

3  than November 26, 2024. The parties have now made those filings. ECF Nos. 322, 323, 324.

4      Plaintiff seeks $38,151 in sanctions.[1] This consists of: (1) fees and costs billed for further

5  briefs, meet and confer efforts and in hearings relating to Defendants' failure to obey the Court

6  order (57.9 hours in fees plus $12 in parking for a total of $23,172); (2) fees and costs incurred to

7  continue the judgment debtor exams and fees and costs incurred at the exams due to the inability

8  to have a complete production of documents (26.5 hours in fees plus $1,500 in interpreter costs

9  and $29 for parking for a total of $12,129); (3) fees incurred in connection with the fee request

10  (6.5 hours and fees of $2,600); and (4) costs incurred in connection with the fee request ($250).

11  Defendants object that the large majority of the hours at issue were unrelated to the violations for

12  which the Court has sanctioned Chen.[2] Categories 1 and 2 are detailed in Exhibit 1 to ECF No.

13  322-1.

14      If Chen had complied with the Court's order concerning his Chinese bank account, then by

15  October or November 2023, he would have returned from China with a bank account statement

16  and promptly produced it to Plaintiff. So, the Court must determine what expenses Plaintiff

17  incurred because that did not happen. The Court therefore disregards the entries in Exhibit 1 for

18  September 7, 2023 through October 14, 2023 because those entries are too early to be caused by

19  the violations that were the subject of the Court's sanction. That removes 18.2 hours. Of those,

20  11.4 related to motions to compel, and 6.8 related to the judgment debtor exams.

21      That leaves 66.2 hours from Exhibit 1, of which 46.5 relate to the motions to compel, and

22  19.7 relate to the judgment debtor exams. Of that remainder, based on the time entries, it is not

---

[1] Counsel's declaration states that he seeks $40,391 in sanctions, that category 1 totals to $25,092, and that category 2 totals to $12,449, but that's because of an error in Exhibit 1. The billing totals listed on the bottom of page 1 of Exhibit 1 correspond to 90 hours of time, which ignores the reduction of 5.6 hours in column 4. In other words, if you look at the summary on the bottom left of page 1, the math is wrong. 57.9 hours * $400 + $12 parking fee is $23,172, not $25,092. Similarly, 26.5 hours * $400 + $1529 in costs is $12,129, not $12,449.

[2] Defendants also object to many of the claimed hours on the ground that they are excessive and unreasonable, in addition to being unrelated to the violations of court orders that gave rise to the sanction. However, the Court does not find that any of the claimed hours were excessive or unreasonable.

1  possible to come up with an exact number of hours specifically attributable to the Chinese bank
2  account records.  The Chinese bank account records were one issue in the taking and rescheduling
3  of the judgment debtor exams, but not at all the primary one.  They were also an issue in the
4  motions to compel.  For the 19.7 hours concerning the judgment debtor exams, the Court applies a
5  90% reduction, meaning the Court will award sanctions for 1.97 hours.  This 90% reduction
6  reflects the minor role that the failure to timely produce the Chinese bank account records had
7  with respect to the judgment debtor exams.  Similarly, the Court will apply a 90% reduction to the
8  $1,529 in expenses associated with the judgment debtors exams, to arrive at $153.  For the 46.5
9  hours that relate to the motions to compel, the Court applies a 67% reduction and will award
10 sanctions for 15.35 hours.  This 67% reduction reflects the fact that the failure to timely produce
11 the Chinese bank account records was an important issue in connection with the motions to
12 compel, but was also one of several issues that were briefed in connection with those motions.
13 The Court will apply the same reduction to the $12 parking fee and award $4.  The Court will also
14 award sanctions for the 6.5 hours spent preparing the fee request and the $250 in costs to prepare
15 the request, as those expenses were 100% allocable to the sanction.  This yields 23.82 hours of
16 sanctions, plus $407.

17 Plaintiff's counsel charges his client $400 an hour.  Defendants do not object to that hourly
18 rate, and Judge White previously approved it.  ECF No. 251.  Thus, the total sanction is 23.82
19 hours * $400 per hour = $9,528 + $407 = $9,935.

20 Accordingly, the Court **ORDERS** Defendant Dong Chen to pay Plaintiff $9,935.00 in
21 sanctions.

22 **IT IS SO ORDERED.**

24 Dated: February 11, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

3