UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAJIE ZHU,<br><br>        Plaintiff,<br><br>    v.<br><br>JING LI and DONG CHEN,<br><br>        Defendants. | Case No. 19-cv-02534-JSW<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 344 |

Now before the Court is the ex *parte* application for a temporary restraining order filed by Plaintiff and judgment creditor Jiajie Zhu to prohibit judgment debtors and all acting in concert with them or under their direction or at their request from borrowing on Bank of America NA loan no. 6824 9045 541199 ("HELOC") and for an order to show cause why a permanent injunction should not issue upon expiration of the temporary restraining order

Mr. Zhu obtained a judgment in August of 2023 that is currently in excess of $1,6000,000 and remains unsatisfied. Mr. Zhu has a legitimate interest in executing on the judgment and maintaining the status quo pending execution. Mr. Zhu has attempted to levy bank accounts of the judgment debtors, Dong ("Tony") Chen and his wife, and has sought judgment debtor discovery. Judgment debtors have reported that they have produced all documents but have failed to provide documents related to the running balances relating to the HELOC, which is secured by the judgment debtor's home at 101 Frog Valley Lane in Belmont, California ("Premises").

According to the record before the Court, judgment debtors have caused deeds of trust in cumulative amount of $802,960 to be recorded against the Premises just after the jury returned its verdict but before judgment was entered and Mr. Zhu could record an abstract of judgment. These loans are purported to be from family members in China, but judgment debtors have failed to

provide documents to verify the loans. Assuming the full $500,000 credit line is borrowed, along with the order secured loans recorded by judgment debtors, only $650,000 in equity would remain on the Premises. In addition, because judgment debtors have largely resisted judgment enforcement efforts and there is every reason to believe that if prior notice were given, they would further extend the HELOC loan to its limit, this application was process *ex parte*.

Accordingly, judgment debtors Dong Chen and Jing Li, their officers, agents, servants, employees, and attorneys and all others acting in concert with them or at their direction, are HEREBY ORDERED not to request, receive, or attempt to obtain further advances on Bank of America NA loan no. 6824 9045 54119 ("HELOC") pending further order of this Court, or the expiration of the order.

This order was issued on November 10, 2025, at 9:00 a.m. and shall expire no later than fourteen days thereafter unless further extended or terminated by a subsequent order of this Court.

IT IS FURTHER ORDERED that Defendants are to appear and show cause why this order shall not become a permanent injunction. The hearing on Plaintiff's motion for a permanent injunction to extend the restraint shall be heard on November 21, 2025, at 9:00 a.m.

The Court, in its discretion, waives the bond requirement.

**IT IS SO ORDERED.**

Dated: November 10, 2025

JEFFREY S. WHITE
United States District Judge

2